732 P.2d 612 (1987)
RAYMOND LLOYD COMPANY, Petitioner,
v.
DISTRICT COURT FOR the TWENTIETH JUDICIAL DISTRICT, and the Honorable Murray Richtel, In His Official Capacity as District Court Judge for the Twentieth Judicial District of the State of Colorado, Respondents.
Jason WEXLER, a Minor, by his Parents and Next Friends Paula WEXLER and Jack Wexler, Petitioners,
v.
DISTRICT COURT FOR the TWENTIETH JUDICIAL DISTRICT, and the Honorable Richard McLean, In His Official Capacity as District Court Judge for the Twentieth Judicial District of the State of Colorado, Respondents.
Nos. 86SA191, 86SA349.
Supreme Court of Colorado, En Banc.
February 9, 1987.
*613 King, Paulsen & Wanebo, P.C., Dennis B. Wanebo, Westminster, for petitioners in No. 86SA349.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl J. Hanson, Asst. Atty. Gen., Denver, for respondents in all cases.
Walberg Law Offices, Larry A. Henning, Todd A. Myers, Denver, for petitioner in No. 86SA191.
KIRSHBAUM, Justice.
In these two original proceedings the petitioners, Raymond Lloyd Company and Jason Wexler, by his parents Paula Wexler and Jack Wexler, challenge the authority of the District Court for the Twentieth Judicial District (the District Court) to establish by administrative order a procedure imposing minimum fines on parties to civil actions who settle their disputes after trial dates have been set. The cases have been consolidated for purposes of decision because they raise almost identical issues. We conclude that the portions of the administrative order under which the fines were imposed are invalid and, therefore, make absolute the rules to show cause previously issued herein.
Petitioner Raymond Lloyd Company (Lloyd) was a party in a mechanic's lien foreclosure action (84CV1336) filed in the District Court. On Friday, January 10, 1986, pursuant to scheduling procedures *614 adopted by the District Court, a scheduling judge set the case for trial commencing Thursday, January 16, 1986. On Wednesday, January 15, Lloyd and the owner of the property which was the subject of the foreclosure action, Sherrelwood, Inc., reached a settlement of the dispute. The attorneys for Lloyd and Sherrelwood, Inc. informed the trial judge of the settlement on the morning of January 16, the day the trial was scheduled to begin. The trial judge approved the settlement and, pursuant to the provisions of Administrative Order 85-3 of the District Court, imposed a fine of $500 upon each party.
Petitioner Jason Wexler, through the representation of his parents, was the plaintiff in a personal injury action (85CV213-3) filed in the District Court. On Friday, July 18, 1986, a scheduling judge set that case for trial commencing Monday, July 21, 1986. The parties settled their dispute on the morning the trial was scheduled to begin. The trial judge accepted the settlement and, pursuant to Administrative Order 85-3, imposed a fine of $500 upon each party.
Administrative Order 85-3 of the Twentieth Judicial District provides, in pertinent part, as follows:
NEGOTIATED DISPOSITIONS AND SETTLEMENT:
The disposition cut-off date in criminal cases is 12:00 noon, the Thursday prior to the scheduled trial week. All cases in which a negotiated disposition has been made shall ordinarily be set for appearance or entry of plea at 8:30 a.m. on the morning set for trial before the Judge to whom the case is assigned. All cases which must be re-set in the criminal divisions shall be heard at 8:30 a.m. on the Monday of the common trial week in the division to which the case is assigned. NOTICE:
The parties in civil cases scheduled for more than one day which settle AFTER THE SETTING OF THE SCHEDULE SHALL BE ASSESSED A FINE of no less than $500.00 each for failure to resolve the case in a timely manner. In exercising its discretion as to the amount of sanction to be imposed the Court may consider the length of trial time allocated to the settled case and the number of trial days vacated by virtue of its having been scheduled for trial. See: Eash v. Rigg[in]s Trucking, Inc., 757 F.2d 557 (3rd Cir.1985).
Order 85-3 is entitled "District Court Scheduling ProcedureCommon Trial Weeks." It is one of several administrative orders provisionally adopted by the District Court as local rules on May 28, 1985, establishing procedures to be followed in setting cases for trial. The rules as a whole fulfill the laudable goal of setting forth in detail how civil and criminal cases will be processed from filing to trial or other resolution. Many of the orders contain specific time requirements for accomplishing various pretrial tasks.
Article VI, section 19 of the Colorado Constitution provides that the "practice of all courts of the same class ... shall be uniform." In view of the uniformity requirement of this constitutional provision regarding procedural rules in Colorado's courts, this court adopted C.R.C.P. 121 to establish a uniform method by which trial courts may promulgate rules governing matters strictly local in nature. Colorado Rule of Civil Procedure 121(a) states as follows:
(a) Matters which are strictly local. Each court by action of a majority of its judges may from time to time make and amend local rules not inconsistent with the Colorado Rules of Civil Procedure or Practice Standards set forth in C.R.C.P. 121(b), nor inconsistent with any directive of the Supreme Court. Copies of proposed local rules or amendments to be made by any court, before their adoption, shall be lodged with the Supreme Court through the office of the State Court Administrator. Rules so submitted shall take effect 45 days after being so lodged except as to those rules which the Supreme Court may have rejected in writing during said period. Reasonable uniformity of local rules is encouraged.
*615 This court has recognized that "local rules designed and intended to improve the administration of justice, and to upgrade the judicial processes in the eyes of the public at large are to be encouraged." Pittman v. District Court, 149 Colo. 380, 388-89, 369 P.2d 85, 90 (1962). Numerous courts have recognized the fact that late settlement of pending cases unnecessarily increases court expenses by disrupting schedules without necessarily avoiding payment of jury costs. E.g., Martinez v. Thrifty Drug and Discount Co., 593 F.2d 992 (10th Cir.1979); White v. Raymark Indus., Inc., 783 F.2d 1175 (4th Cir.1986); Eash v. Riggins Trucking, Inc., 757 F.2d 557 (3d Cir.1985); Nesco Design Group, Inc. v. Grace, 577 F.Supp 414 (W.D.Pa.1983). Reduction of time spent in final trial preparations results in reduced legal expenses and reduced disruption of the personal and business schedules of parties and witnesses. Exploration of means to eliminate avoidable expenses and administrative inefficiencies occasioned by settlements achieved on the eve of trial is to be encouraged. Nevertheless, we conclude that the provisions of Administrative Order 85-3 relating to the imposition of fines for late settlements are not of a strictly local nature.
A decision by parties to a civil action to resolve their differences by agreement is no less significant an event in the course of the lawsuit than such other procedural decisions as whether to file a lawsuit and whom to join as parties. Such decisions necessarily impact upon and therefore relate to the scheduling dilemma of the trial court wherein the case is filed. However, this reality does not authorize local courts to impose unique means of officially docketing a case or special local filing fees for different categories of cases. Rules affecting the cost of litigation have particular impact upon all parties to civil actions throughout the state, and must therefore be scrutinized carefully in view of the necessity of uniformity in fundamental procedural requirements.
Order 85-3 in effect imposes increased court costs upon parties who do not settle civil lawsuits filed in the District Court within a time period specified by that court. Parties to civil lawsuits filed in other judicial districts do not pay additional court costs for settling cases at late dates, such as after commencement of trial. It may well be that a procedural rule that encourages early settlements by imposing monetary sanctions for late settlements should be adopted for all Colorado litigants. We conclude, however, that such a program is not a matter of strictly local concern and, therefore, is not an appropriate subject of a local rule.
Furthermore, local rules designed to improve the administration of justice "must be within the well-established bounds of due process of law and in conformity with the Rules of Civil Procedure and adjudicated cases." Pittman, 149 Colo. at 389, 369 P.2d at 90. Due process principles require that at a minimum any person subject to proceedings that might result in the imposition of penal sanctions be afforded notice and an opportunity to be heard before imposition of a sanction. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Mission Denver Co. v. Pierson, 674 P.2d 363 (Colo.1984); Austin v. City and County of Denver, 156 Colo. 180, 397 P.2d 743 (1964); Pittman, 149 Colo. 380, 369 P.2d 85. Under Order 85-3, a minimum fine of $500 is imposed for late settlement of matters scheduled for trial of more than one day, regardless of the reasons for delay. The rule does not permit the trial judge in an appropriate case to forego imposition of a fine altogether or impose a fine of less than $500. In effect, Order 85-3 imposes a penal sanction without providing any opportunity for a hearing. This aspect of the rule deprives all persons affected by its provisions of due process of law, and renders the rule invalid.
The petitioners argue that they had legitimate reasons for failure to settle their disputes before the setting of the trial schedule. Lloyd contends that settlement was not feasible until its counsel learned that certain individuals would offer unfavorable testimony. Wexler contends that earlier settlement was not possible because *616 of difficulty experienced by the defendants' attorney in communicating with his clients and their insurance carrier. While we express no opinion concerning the validity or effect of these arguments, we note that such evidentiary matters are relevant to any determination of whether, to what extent and upon whom a fine should be imposed because of untimely settlement.
The District Court relied on the decision of Eash v. Riggins Trucking, Inc., 757 F.2d 557 (3d Cir.1985), as authority to support Order 85-3. In Eash, a federal district court had imposed a $390 fine against defendants' counsel for delaying settlement until the day of trial. The fine imposed equalled the cost of impanelling a jury for one day ($30, the per diem fee for each juror, multiplied by thirteen, the minimum number of persons necessary to select a jury). In acknowledging that under the circumstances the district court possessed authority to impose some sanction, the Court of Appeals emphasized that trial courts possess broad authority to discipline attorneys, as officers of the court, for misconduct. In vacating the district court's order and remanding the case for a full hearing on the propriety of the sanction, the Court of Appeals also noted that the "district court tied its sanction to specific costs that bore a direct relationship to the alleged misconduct and thus offered a nexus and a limit." Eash, 757 F.2d at 565.
A hearing would permit a determination of such matters as whether only one person or entity was responsible for an unreasonable delay in reaching a settlement or whether such delay was caused by one or more attorneys or litigants. In the absence of such determinations, any penalty imposed may bear no rational relationship to the conduct it is designed to deter. The mandatory imposition of a $500 fine against all the parties in each of these cases does not bear a rational relationship to any particular misconduct or establish an amount demonstrably related to any avoidable costs incurred by the court as a result of late settlement. The inflexible nature of the minimum fine, coupled with the failure of Order 85-3 to provide litigants and their attorneys any meaningful opportunity to be heard prior to imposition of the sanction, violates the parties' rights to due process of law.
For the foregoing reasons, we conclude that Order 85-3 is null and void insofar as it requires imposition of a minimum fine of $500 against litigants who settle their cases after trial has been scheduled. Accordingly, the rules to show cause are made absolute and the orders imposing fines in these two cases are hereby vacated.
QUINN, C.J., specially concurs.
ROVIRA and VOLLACK, JJ., do not participate.
QUINN, Chief Justice, specially concurring:
I specially concur that the rules to show cause should be made absolute. I do so solely on the basis that Administrative Order 85-3, which permits the imposition of a mandatory $500 fine on litigants without affording them the opportunity to show that there were valid reasons for noncompliance with the administrative order, violates due process of law.