Shane A. WOODEN, by his father and next friend, Wayne S. WOODEN, and Mark S. Weaver, by his father and next friend, Russell H. Weaver, Plaintiffs,

v.

PARK SCHOOL DISTRICT R–3, Defendant.

and Concerning

Joseph P. JENKINS, n/k/a Joseph P. Genchi, Appellant,

v.

DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT OF the STATE of Colorado, the Honorable John–David Sullivan, one of the Judges thereof, Appellee.

No. 85CA0474.

Colorado Court of Appeals, Div. II.

June 18, 1987.

Rehearing Denied July 30, 1987.

Certiorari Denied Jan. 25, 1988.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Joseph P. Genchi, P.C., Joseph P. Genchi, Estes Park, for appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt Krikscium, Asst. Atty. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for appellee.

SMITH, Judge.

Joseph P. Jenkins, n/k/a Joseph Genchi, appeals the order of the trial court finding him in contempt of court for his failure to comply with C.R.C.P. 121 § 1–19 and imposing upon him a fine of $1000. We affirm.

Appellant was plaintiffs' attorney in the trial court in an action to recover damages from defendant school district for excessive use of force in its administration of corporal punishment. The trial date was set several months in advance and counsel for both parties were given copies of the court's general trial procedures which informed them, *inter alia*, that jury instructions and verdict forms were to be submitted to the court and opposing counsel at the hour the trial was to commence. These instructions warned counsel that sanctions would be strongly considered for failure to comply with this requirement.

Genchi, however, did not have his jury instructions or verdict forms prepared and ready for submission on Tuesday, October 9, 1984, the first day of trial. Upon being informed of this fact, the court ordered him to have them ready by the following Thursday morning. On Thursday morning, the 12th, he again did not have the instructions ready and instead filed a motion requesting more time to prepare them. The court denied the motion and Genchi finally tendered the instructions Tuesday, October 16th, one week after the trial had commenced.

The jury ultimately returned its verdict in favor of plaintiffs on October 20. The trial court subsequently concluded that the jury had been improperly instructed and granted defendants' motion for a new trial.

Thereafter, the court issued an order directing Genchi to show cause why he should not be held in contempt and be punished for his refusal to comply with the court's orders entered during trial as well as the pre-trial instruction and C.R.C.P. 121 § 1–19, both of which required that he deliver verdict forms and his proposed jury instructions to the court and opposing counsel at the commencement of trial. A hearing was held and the trial court found that Genchi's late submission of his instructions caused delay and confusion in the presentation of the evidence, contributed to instructional errors which resulted in the court's declaration of a mistrial, interfered with the orderly and timely conduct of the court's business, and detracted from the dignity of the court and the proceedings. The court further found that Genchi did not advance any good cause or reasonable excuse for not complying with its orders and instructions and with C.R.C.P. 121 § 1–19. It therefore found him in contempt and ordered that he pay a fine of $1000 in order to vindicate the dignity of the court.

Genchi first argues that contempt is not a proper sanction under the circumstances here. We disagree.

C.R.C.P. 107(a) provides:

"[M]isbehavior of any officer of the court in his official transactions and disobedience or resistance of any person to, or interference with, any lawful writ, process, *order, rule,* decree, or command of said court ... shall constitute contempt...." (emphasis added).

■ Initially, Genchi disputes the express finding made by the trial court that the parties were sent copies of the court's general trial procedures informing them that they must have their instructions ready to submit to the court at the hour trial was to commence. However, even if this assertion is true, it does not affect our decision here because we hold that C.R.C.P. 121 § 1–19 imposes essentially the same requirements as were contained in the court's instructional form.

■ In this regard, however, Genchi argues that C.R.C.P. 121 § 1–19 is not an order or rule of the trial court, but rather is a rule promulgated by the supreme court and, therefore, any violation of the rule is contempt against that court and not the trial court. We disagree.

C.R.C.P. 121 contains uniform practice standards promulgated by the supreme court applicable to district courts and the litigants who appear therein. The district court therefore implicitly has authority to enforce those standards. To hold otherwise would render the rule essentially nonenforceable.

■ Genchi next argues that the evidence adduced at the contempt hearing does not support the findings of the trial court. This argument is without merit.

The inability of the trial court and defense counsel to ascertain which of the varied and diverse theories of liability plaintiff intended to rely upon and the difficulty of identifying to which specific defendant they applied is demonstrated by the record. Timely submission of proposed verdict forms and instructions defining plaintiffs' theories, even though perhaps tentative, would, in our view, have enabled the court more easily to rule on such questions as relevancy and materiality of evidence and would have allowed defense counsel to limit his evidence to issues which might ultimately be submitted to the jury. The course of the trial might well have been substantially expedited had Genchi complied with the terms of C.R.C.P. 121 § 1–19 and the directions of the court. Accordingly, the evidence presented at the contempt hearing was sufficient to support both the findings and conclusions of the court in this regard.

■ Genchi contends that the fine of $1000 was excessive in view of the fact that no monetary damages were shown nor any request made for assessment of attorney fees. We disagree.

This fine was not remedial in nature, but rather was imposed to vindicate the dignity of the court. *See* C.R.C.P. 107(d). Accordingly, it was not necessary for the court to base the amount of the fine on damages, suffered costs, or the amount of the opposition's attorney fees. *See Schnier v. District Court,* 696 P.2d 264 (Colo.1985). Further, under the circumstances of this case, we cannot say that the punishment imposed was so excessive or incommensurate with the gravity of the offense as to be arbitrary or vindictive. *See Board of Water Works v. Pueblo Water Works Employees Local 1045,* 196 Colo. 308, 586 P.2d 18 (1978).

Appellant's remaining contentions are without merit.

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.