HALABY, McCREA & CROSS, Petitioner,

v.

Honorable Morris B. HOFFMAN, a Judge of the District Court for the City and County of Denver, Respondent.

No. 91SA414.

Supreme Court of Colorado, En Banc.

June 22, 1992.

---

Halaby, McCrea & Cross, Theodore S. Halaby and John T. Scherling, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and David C. Feola, Asst. Atty. Gen., Denver, for respondent.

Chief Justice ROVIRA delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, the law firm of Halaby, McCrea and Cross, petitioner, alleges that Judge Morris B. Hoffman, respondent, exceeded his jurisdiction or abused his discretion in imposing sanctions against it and requests that we prohibit enforcement of the order imposing sanctions. We issued a rule to show cause why the relief requested should not be granted and now make the rule absolute.

I

The underlying action in this case stems from an incident involving Endel Meiusi and Paul C. Baca, a Denver police officer. On May 4, 1990, Baca, although not on duty and therefore not in uniform, was diverting traffic away from an accident. Meiusi refused to be diverted, not believing that Baca was a police officer. This lead to a confrontation between Baca and Meiusi, following which Meiusi and his wife brought a civil action against Baca.[1] The

petitioner represents Baca in that civil action. *Meiusi v. Officer Paul C. Baca,* No. 91–CV–1522.

The assigned judge in the *Meiusi* case entered an order requiring the parties to participate in mediation pursuant to section 13–22–311, 6A C.R.S. (1991 Supp.), or in the alternative, to participate in a court settlement conference. The order required the parties to proceed in good faith and in a reasonable manner, and stated that failure to do so may result in sanctions. The parties chose to participate in a settlement conference and the respondent was assigned to preside over that conference.[2]

Prior to the conference the respondent ordered the parties to submit a confidential settlement statement outlining the nature of the case, the issues to be resolved and the full extent of their current settlement position. In its settlement conference statement dated October 16, 1991, the petitioner stated that the plaintiffs' claims were without merit and concluded by advising the court that:

> Plaintiffs' claims are frivolous and groundless. It is evident that this lawsuit was brought solely to affect the pending criminal prosecution of Endel Meuisi [sic]. Accordingly, Defendant is unprepared at the present time to make a settlement offer.

The settlement conference was held on October 21, 1991. After the respondent discussed the case with the parties, both individually and collectively, Meiusi offered a settlement figure. When the respondent solicited a counter offer from Baca, the petitioner informed him that it had authority to settle for no more than $300. The settlement conference then came to a close.

Two days later, the respondent issued an order in which he noted that two hours were spent discussing the case, that the petitioner should have disclosed its "$300.00 worth of settlement authority" at the outset of the settlement conference,

---

1. The City and County of Denver was an original defendant to the lawsuit, but claims against it were dismissed. The City is responsible for Baca's defense under the provisions of the Colorado Governmental Immunity Act.

2. Pursuant to C.R.C.P. 121, section 1–17, a settlement conference is conducted by "any available judge."

and that this failure to so disclose evidenced the petitioner's lack of good faith and consequently violated the assigned judge's order for mediation or a settlement conference, and the respondent's prior order that the parties come to the settlement conference with full settlement authority. The order further stated that the petitioner's level of settlement authority "was an insult to me, to the parties and their attorneys, and to the integrity of the settlement process itself." Based on these findings, the respondent found that the petitioner acted in bad faith and imposed sanctions in the amount of $555 against the petitioner, representing the Meiusis' reasonable attorneys' fees for attending the settlement conference. The respondent cited *Wooden by Wooden v. Park School District*, 748 P.2d 1311 (Colo.App.1987), in support of his authority to impose sanctions.

The issue before us is whether the respondent exceeded his jurisdiction or abused his discretion in imposing sanctions under the circumstances here.

## II

■ The respondent initially argues that the rule to show cause should be discharged because the petitioner failed to meet the prerequisites for extraordinary relief, there being an adequate appellate remedy available upon final judgment. An original proceeding under C.A.R. 21 is an extraordinary remedy limited in purpose and in availability. *White v. District Court*, 695 P.2d 1133, 1135 (Colo.1984). Relief in the nature of prohibition may be used to determine whether "the district court 'is proceeding without or in excess of its jurisdiction.'" *Id., quoting* C.A.R. 21(a). It is also a proper remedy in cases where the trial court has abused its discretion and where an appellate remedy would not be adequate, *Prudential Property & Casualty Insurance Company of America v. District Court*, 617 P.2d 556, 558 (Colo.1980), but it is not a substitute for an appeal. *White*, 695 P.2d at 1135. Granting an original proceeding is entirely within this court's discretionary authority. *Id.*

In *People v. Vargas*, 679 P.2d 1088 (Colo. App.1983), *aff'd sub nom. Bye v. District Court*, 701 P.2d 56 (Colo.1985), two court-appointed attorneys appealed an order of the trial court denying their request for increased attorneys' fees incurred in connection with their representation of a criminal defendant, against whom the charges were dismissed. *Vargas*, 679 P.2d at 1089. The court of appeals dismissed the appeal, finding that it lacked jurisdiction to entertain an appeal by the defense counsel where neither the defendant nor the prosecutor appealed the case after it was dismissed. *Id.* We found that the court of appeals properly dismissed the appeal, but for different reasons, and we exercised our original jurisdiction to review the award of attorneys' fees to court-appointed counsel. *Bye v. District Court*, 701 P.2d 56, 59 (Colo.1985).

■ We determined that fee controversies should generally be resolved through the exercise of original jurisdiction because trial court orders concerning such fees are administrative in nature and because such orders for payment of attorneys' fees are collateral to the merits of the underlying action. *Id.* The issue was determined to be collateral because the underlying action had been dismissed and because the parties to the controversy over the attorneys' fees, after the dismissal of the criminal charges, were the court-appointed attorneys and the trial court, not the defendant and the prosecutor, neither of whom appealed the dismissal of the criminal charges. *Id.* at 60. Thus, a petition to this court, pursuant to C.A.R. 21, alleging that the trial court exceeded its jurisdiction or otherwise acted illegally is a proper mode of obtaining review of the trial court's order of attorneys' fees. *Id.*

■ We also found, however, that "where there is an appeal on some aspect of the underlying action, the court-appointed attorney challenging the amount or payment of fees may raise that issue on appeal, without the necessity of bringing an independent original proceeding." *Id.* Therefore, where the underlying action is appealed, the court of appeals has jurisdic-

tion to resolve disputes over orders concerning attorneys' fees, but if the underlying action is not appealed, original jurisdiction by this court is appropriate.

■ The circumstances here are similar to *Bye v. District Court.* The controversy over sanctions, which implicates an entirely different legal theory from the underlying action alleging assault, battery, false imprisonment, false arrest, malicious prosecution, and outrageous conduct, is collateral to the merits of that action. Not only is the issue in dispute here completely separate from the merits of the underlying action, but the parties to this action, the law firm of Halaby, McCrea & Cross and Judge Morris B. Hoffman, are different from the parties to the underlying action, Baca and the Meiusis. These similarities, as well as the rationale in *Bye v. District Court,* persuade us that while the court of appeals is not without jurisdiction to determine this issue if any of the underlying issues of the case are appealed, our exercise of original jurisdiction, under the circumstances here, is also appropriate.

In *Bye v. District Court,* we did not exercise original jurisdiction until after the underlying action was dismissed and the parties were aware that the underlying action was not going to be appealed. Here, however, we find that original jurisdiction is appropriate prior to dismissal of the underlying action or such knowledge that there will be no appeal, because even if there is an appellate remedy the petitioner is now under order to comply with the sanction or risk being held in contempt of court. Hence, appellate review upon final judgment does not benefit the petitioner. Since original jurisdiction is appropriate for review of this collateral issue if the underlying action is not appealed and because the petitioner may be held in contempt prior to any opportunity for appellate review, our exercise of original jurisdiction is appropriate. *See also Raymond Lloyd Co. v. District Court,* 732 P.2d 612 (Colo.1987) (original jurisdiction invoked to determine whether the district court had authority, pursuant to a local rule, to impose sanctions against parties to civil actions who

settled their disputes after trial dates had been set); *People v. District Court,* 664 P.2d 247 (Colo.1983) (original jurisdiction to review whether trial court abused its discretion in excluding evidence as a sanction was appropriate because the prosecution's ability to litigate would be impaired by the trial court order and because the defendant could not be retried if acquitted).

■ Additional support for our exercise of original jurisdiction is that we have previously found that a writ of prohibition is a proper method for challenging a lower court's contempt order. *Losavio v. District Court,* 182 Colo. 180, 512 P.2d 266 (1973). In *Losavio,* after the district attorney was held in contempt of court and sentenced to 15 days in jail, he filed a writ of prohibition in this court seeking to prevent the district court from executing the contempt sentence. *Losavio,* 182 Colo. at 182, 512 P.2d at 267. We issued a rule to show cause, after which we made the rule absolute and directed that the contempt judgment be vacated. *Id.* While we recognize that in *Losavio* the attorney was sanctioned with jail time, and here the petitioner has only been financially sanctioned, we find that *Losavio* supports our decision that original jurisdiction is appropriate where the petitioner risks being held in contempt of court and further sanctioned if review is not granted and where the order for sanctions was imposed in reliance on the respondent's contempt power.

The respondent relies on cases in federal jurisdictions to support his contention that sanctions imposed by the trial court are interlocutory orders which can only be appealed after final judgment. A review of the federal law, however, does not persuade us that the respondent's position is correct. While some federal courts have held that parties cannot appeal a sanction order other than criminal contempt before a final judgment, *Appeal of Licht and Semonoff,* 796 F.2d 564 (1st Cir.1986), others have held that such sanctions are immediately appealable if the sanction is against a non-party who might not be able to obtain review from a final judgment. *DeSisto College, Inc. v. Line,* 888 F.2d 755 (11th

Cir.1989), *cert. denied*, 495 U.S. 952, 110 S.Ct. 2219, 109 L.Ed.2d 544 (1990).

## III

Having found review appropriate pursuant to C.A.R. 21, we now address whether the respondent acted without or in excess of his jurisdiction, or abused his discretion in imposing sanctions on the petitioner for failure to participate in the court ordered settlement conference in good faith.

### A

In the interests of just, speedy and economic resolution of the dispute, the assigned judge in *Meiusi* referred the parties to mediation pursuant to section 13–22–311, 6A C.R.S. (1991 Supp.).[3] The court gave the parties the alternative of participating in mediation or a court settlement conference, and they chose the latter. It was this settlement conference which led to the sanctions at issue.

Colorado is one of a growing number of states which uses settlement conferences in an attempt to encourage earlier settlement of disputes. A court settlement conference is authorized pursuant to C.R.C.P. 121, section 1–17, 7A C.R.S. (1990), at the request of any party.[4] If the request for a settlement conference is granted, then the assigned judge arranges for the availability of a different judge to conduct the conference. *Id.* The petitioner contends that the judge conducting the settlement conference does not have authority to impose sanctions.

The inherent powers which courts possess consist of all powers reasonably required to enable a court to efficiently perform its judicial functions, to protect its dignity, independence, and integrity, and to make its lawful actions effective. *Pena v. District Court*, 681 P.2d 953, 956 (Colo.1984). Hence, a judge has all the powers reasonably required to efficiently run the court. "One such power, implied by the need to maintain the order and decorum indispensable to judicial proceedings, is the contempt power." *Thrap v. People*, 192 Colo. 341, 343, 558 P.2d 576, 577 (1977). C.R.C.P. 107(a) provides:

> Misbehavior of any person in the presence of the court, of a master while performing his official duties, or of an arbitrator while sitting on arbitration, or misbehavior so near thereto as to obstruct the administration of justice, misbehavior of any officer of the court in his official transactions and disobedience or resistance of any person to or interference with any lawful writ, process, order, rule, decree, or command of said court or any other act or omission designated as contempt by the statutes or these rules shall constitute contempt.

Punishment for contemptuous conduct is designed to vindicate the dignity and authority of the court when orders have been flouted. *In Interest of J.E.S.*, 817 P.2d 508, 511 (Colo.1991). Thus, a judge, a master and an arbitrator all have clear authority to impose sanctions for conduct which interferes with the functions of the court. Recognizing the value of a settlement conference, and the necessity that the settlement conference judge be able to control this proceeding, we find that a judge conducting a settlement conference has the same authority to impose sanctions as the judge presiding over the trial. Accordingly, we find that the respondent did not act

---

**3.** Section 13–22–311 provides:

> (1) Any court of record may, in its discretion, refer any case for mediation services or dispute resolution programs, subject to the availability of mediation services or dispute resolution programs....

**4.** C.R.C.P. 121, section 1–17 states:

> 1. At any time after the filing of Disclosure Certificates as required by C.R.C.P. 16, any party may file with the courtroom clerk and serve a request for a court settlement conference, together with a notice for setting of such request. The court settlement conference shall, if the request is granted, be conducted by any available judge other than the assigned judge. In all instances, the assigned judge shall arrange for the availability of a different judge to conduct the court settlement conference.

We note that while court settlement conferences are generally at the request of one of the parties, in this case it occurred upon order of the court, as the parties were ordered to participate in either mediation or a settlement conference.

in excess of his jurisdiction in imposing sanctions.

### B

 We next address whether the respondent abused his discretion in imposing sanctions on the petitioner for failure to participate in the court ordered settlement conference in good faith.

The respondent imposed sanctions after concluding that the petitioner did not act in good faith because the petitioner failed to disclose at the outset of the conference that it had a maximum of $300 worth of settlement authority.

We do not agree that the petitioner failed to act in good faith. In the first place, the petitioner complied with the orders to participate in the settlement conference and to submit a confidential settlement statement outlining the full extent of its current settlement position. That statement clearly set out the position of the petitioner's client—that the plaintiffs' claims were without merit and that he was unprepared to make a settlement offer. Therefore, the respondent was on notice, at the outset of the settlement conference, that the petitioner was unprepared to advance a settlement. If the respondent wished further information regarding the amount of the petitioner's settlement authority, he could have asked the petitioner at the beginning of the conference.

We also find that although authority to settle for $300 was characterized by the respondent as insulting to him, the parties and the settlement process, it was the full authority given the petitioner by its client, and it was not an "insult to the integrity of the settlement process itself." The petitioner did not lack settlement authority, it was just not adequate according to the respondent. As the respondent himself stated, parties are not obligated to settle. An "adequate" amount of settlement authority will vary based on the circumstances of each case, and a settlement conference judge should not impose sanctions because, in his opinion, the amount is insufficient.

Having complied with the orders of both the trial judge and the settlement conference judge, and having informed the respondent of its client's position regarding settlement prior to the conference, we find that the petitioner acted in good faith. We therefore conclude that the respondent abused his discretion in imposing sanctions on the petitioner for failure to act in good faith, and accordingly, the rule to show cause is made absolute.