Karen K. PEARSON, n/k/a Karen
K. Sanders, Petitioner,

v.

DISTRICT COURT, EIGHTEENTH JUDI-
CIAL DISTRICT, COUNTY OF ARAPA-
HOE; The Honorable Timothy L. Fas-
ing, one of the judges thereof; and Scott
R. Pearson, Respondents.

No. 96SA64.

Supreme Court of Colorado,
En Banc.

Sept. 23, 1996.

The Law Firm of Rick L. Nicoletti, Rick L. Nicoletti, Denver, for Petitioner.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John Daniel Dailey, Maurice G. Knaizer, Deputy Attorneys General, Robert Mark Russel, First Assistant Attorney General, State Services Section, Denver, for Respondent District Court, Eighteenth Judicial District.

No appearance on behalf of Respondent Scott R. Pearson.

Justice SCOTT delivered the Opinion of the Court.

 In this original proceeding under C.A.R. 21,[1] we issued a rule to show cause to review orders of the respondent District Court of the Eighteenth Judicial District. The trial court ordered the petitioner, Karen K. Pearson, n/k/a Karen K. Sanders (Sanders), and her former husband, Scott R. Pearson (Pearson), to mediate disputes raised in post-dissolution of marriage proceedings. Sanders, the petitioner before us and in the dissolution proceedings below, seeks relief from the respondent trial court's orders mandating mediation.[2] The exercise of our origi-

---

1. Pursuant to C.A.R. 21, one may seek relief from an order entered by a respondent court through the original jurisdiction of the supreme court. *Colorado State Bd. of Medical Examiners v. Colorado Court of Appeals*, 920 P.2d 807, 813–14 (Colo.1996). Here, petitioner seeks relief in the nature of mandamus or prohibition, claiming the trial court is proceeding without or in excess of its jurisdiction.

2. For brevity, we refer to the respondents subject to our jurisdiction (the district court and Judge

Fasing) collectively as "trial court" or "respondent." The Attorney General filed an Answer Brief as counsel to the respondent trial court. The nominal respondents are designated by the petitioner as "District Court, Eighteenth Judicial District, County of Arapahoe; the Honorable Timothy L. Fasing, one of the judges thereof; and Scott R. Pearson." Pearson did not enter an appearance before us. However, our jurisdiction under C.A.R. 21 is limited to review of "decision[s] of a *lower tribunal*," and does not include

nal jurisdiction turns on whether section 13–22–311, 6A C.R.S. (1995 Supp.), permits a court to refer a case to mediation where one party claims it has been the victim of abuse. Because we conclude the statutory provision expressly limits a trial court's referral authority when a party claims he or she has been subjected to abuse, we make the rule absolute. Accordingly, we direct the trial court to vacate its orders for mediation.

## I

In 1990, the trial court entered its decree of dissolution terminating the marriage of Sanders and Pearson. By that decree, Sanders was granted sole custody of their two minor children, while Pearson was granted rights to parenting time with the children. The underlying dispute relates to efforts by Pearson and Sanders to modify parenting rights and child support payments.

In March 1995, Pearson filed a motion to modify his parenting time rights and also filed a motion for appointment of a guardian ad litem. On September 18, 1995, Sanders filed a motion to modify the child support payments Pearson was obligated to make under the decree.

By order dated October 10, 1995, the trial court directed the parties to obtain mediation services to resolve the dispute regarding parenting time. By separate order of the same date, the court directed Pearson to set a hearing on his motion to modify parenting time. However, consistent with its referral of the dispute to mediation, the court directed Pearson to complete the mediation sessions prior to the hearing date.[3]

On October 23, 1995, the trial court ordered the parties also to mediate the question of child support raised by Sanders' motion. That order stated "[a]ny party may request an exemption from mediation based on a claim that he or she has been the victim of physical or psychological abuse. . . ."

On October 30, 1995, Sanders filed a motion to reconsider both mediation orders. In support of her motion to reconsider, Sanders claimed that "during the course of the marriage [Pearson] was physically and emotionally abusive. During the latter four years of the marriage, there were numerous incidents of physical violence." Sanders further asserted that prior to the termination of their marriage, one "incident involved [Pearson] hitting [Sanders] and throwing her against a wall" resulting in injury to Sanders, including a bruised eye and a partially torn bicep. Sanders' motion stated that, as a result, Pearson was charged and convicted of assault and domestic violence. According to her motion, Sanders now "suffers severe anxiety episodes when interacting" with her former husband and "shake[s] uncontrollably" when in his presence.

On November 14, 1995, Pearson filed his response to Sanders' motion to reconsider the orders for mediation. He claimed Sanders' motion was "more correctly construed as a motion for a new trial pursuant to C.R.C.P. Rule 59," and that, because Sanders failed to "alleg[e] . . . grounds specified" under that rule, Sanders' motion should be denied. On November 14, 1995, the trial court entered a minute order denying Sanders' motion to reconsider. On November 21, 1995, still timely pursuant to C.R.C.P. 121 § 1–15(1),[4] Sanders filed a verified reply and a motion to consider the reply. Sanders' verified reply again informed the trial court of "physical and psychological abuse" Sanders had suffered at the hands of Pearson. On January 17, 1996, the trial court granted Sanders' motion to consider the reply, but determined the court's November 14th minute order entered by Judge Watanabe, the original trial court judge, "shall stand as the Order of this court." Judge Watanabe had entered all orders except the January 17, 1996, order, which was entered by the Honorable Timothy L. Fasing after the case had been assigned to him. Despite Sanders' request, the

---

an individual who is not a judicial officer or a person presiding over a tribunal. *Colorado State Bd. of Medical Examiners,* 920 P.2d at 814.

3. By order of the same date, a guardian ad litem was appointed to represent the minor children.

4. C.R.C.P. 121, § 1–15(1) provides that "[t]he moving party shall have 10 days . . . to file a reply brief" after the responding party has filed a responsive brief.

January 17th order did not include specific findings.

## II

■ We first ·address our jurisdiction under C.A.R. 21. C.A.R. 21 provides that an original proceeding may be sought "where the district court is proceeding without or in excess of its jurisdiction." The remedy is also proper "where the trial court has abused its discretion and where an appellate remedy would not be adequate...." *Halaby, McCrea & Cross v. Hoffman,* 831 P.2d 902, 905 (Colo.1992). The granting of a petition seeking the exercise of our original jurisdiction is discretionary. *People v. District Court,* 868 P.2d 400, 403 (Colo.1994). Our authority pursuant to C.A.R. 21 is not a substitute for appeal. *Halaby,* 831 P.2d at 905.

■ In the present case, the trial court ordered mediation despite Sanders' claims of physical and psychological abuse by Pearson. To obtain relief on appeal, Sanders would be forced to enter mediation with Pearson, suffer possible emotional distress, then seek review of the mediation order. Potentially, the damage Sanders hopes to avoid would already be done before appellate review occurs. Hence, appellate review would not prevent the harm Sanders seeks to avoid. Based on these circumstances, we exercise our discretion and grant interlocutory review to address the propriety of the trial court's orders for mediation.

## III

■ As a preliminary matter, the respondent trial court contends that the doctrine of the law of the case precluded Judge Fasing's reconsideration of Judge Watanabe's order denying the motion to reconsider the orders for mediation. We disagree.

"A court that makes a decision has the *power* to reconsider it, so long as the case is within its jurisdiction." 1B James W. Moore & Jo Desha Lucas, *Moore's Federal Practice*

¶ 0.404[4.–1] at II–2 (2d ed. 1995). These commentators state:

> At the trial court level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment. Prejudgment orders remain interlocutory and can be reconsidered at any time, but efficient disposition of the case demands that each stage of the litigation build on the last, and not afford an opportunity to reargue every previous ruling. In the end, however, the doctrine of the law of the case does not require nor encourage a trial court to render a judgment erroneous in law.

*Id.* at II–2 to II–3 (footnote omitted). The doctrine of the law of the case "is not a rule to perpetuate error and does not require a court to enter an erroneous judgment because the logic of an earlier erroneous ruling would require it." *Id.* ¶ 0.404[4.–1] at II–12 to II–13.

■ Likewise, the transfer of a case from one judge to another judge of the same court does not freeze prior rulings. *Id.* ¶ 0.404[4.–2] at II–13. Our case law conforms with these general principles. *See, e.g., People v. Roybal,* 672 P.2d 1003, 1005 n. 5 (Colo.1983) (noting the flexibility of the doctrine of the law of the case when applied to reconsideration by the court making the original decision and also that "the law of the case as established by trial court rulings is not binding if it results in error...."); *People ex rel. Gallagher v. District Court,* 666 P.2d 550, 553 (Colo.1983) (stating that "a trial court is not inexorably bound by its own precedents" and the law of the case doctrine is not applied if it results in error). Judge Fasing could have reconsidered the orders for mediation because they were not inexorably binding and, as discussed below, were in error.[5] Judge Fasing was not bound by an earlier, premature, and erroneous ruling.

## IV

Section 13–22–311(1), 6A C.R.S. (1995 Supp.), grants the trial court authority to

---

5. We also note that Judge Fasing was not considering a separate, subsequent motion. Rather, Judge Watanabe's premature minute order of November 14, 1995, was entered prior to the due date for a reply in favor of the motion to reconsider. Judge Fasing merely considered the timely reply as part of the motion to reconsider, not as a separate motion.

order mediation. That statute provides in pertinent part:

> Any court of record may, in its discretion, refer any case for mediation services or dispute resolution programs ... *except that the court shall not refer the case to mediation services or dispute resolution programs where one of the parties claims that it has been the victim of physical or psychological abuse by the other party and states that it is thereby unwilling to enter into mediation services* or dispute resolution programs. In addition, the court may exempt from referral any case in which a party files with the court, within five days of a referral order, a motion objecting to mediation and demonstrating compelling reasons why mediation should not be ordered. Compelling reasons may include, but are not limited to, that the costs of mediation would be higher than the requested relief and previous attempts to resolve the issues were not successful.

§ 13–22–311(1), 6A C.R.S. (1995 Supp.) (emphasis added).

A statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment. *United Blood Servs. v. Quintana,* 827 P.2d 509, 522 (Colo.1992); *Gallegos v. Phipps,* 779 P.2d 856, 861 (Colo.1989). To determine legislative intent, we look first to the words used. *People v. Warner,* 801 P.2d 1187, 1190 (Colo. 1990). The words and phrases used must be read in context and accorded their plain and ordinary meaning. § 2–4–101, 1B C.R.S. (1980); *Scoggins v. Unigard Ins. Co.,* 869 P.2d 202, 205 (Colo.1994); *Gambler's Express, Inc. v. Public Utils. Comm'n,* 868 P.2d 405, 410 (Colo.1994).

The generally accepted and familiar meaning of "shall" indicates that this term is mandatory. *People v. District Court,* 713 P.2d 918, 921 (Colo.1986); *see also DiMarco v. Department of Revenue,* 857 P.2d 1349, 1352 (Colo.App.1993) ("Unless the context indicates otherwise, the word 'shall' generally indicates that the General Assembly intended the provision to be mandatory.").

Also, "negative language, like 'or not at all' or 'in no event later than,' suggests mandatory construction, while affirmative language ... is more indicative of a directory construction." *DiMarco,* 857 P.2d at 1352.

Section 13–22–311(1) permits a court, "in its discretion," to refer a case to mediation "except that the court shall *not* refer the case to mediation services ... where one of the parties *claims* that it has been the victim of physical or psychological abuse by the other party and states that it is thereby unwilling to enter into mediation services...." (Emphasis added.) The plain and obvious statutory language forbids a court from ordering mediation where a party claims physical and psychological abuse.

In the present case, Sanders filed a verified, uncontroverted claim of physical and psychological abuse by Pearson and established an unwillingness to participate in mediation.[6] Under the circumstances asserted here, the trial court "shall not refer" such a case to mediation.

Respondent contends that a party may be excused from mediation in only two situations: (1) when a party files a declaration of abuse and an unwillingness to participate in mediation *prior* to the entry of a court order to mediate; or (2) when a party, within five days of entry of a court order to mediate, files a motion demonstrating compelling reasons why mediation should not be ordered, the trial court may, in its discretion, rescind the order. Initially, we note that nothing in section 13–22–311 requires a party to anticipate a mediation order. Petitioner asserts and respondent does not dispute that the trial court entered its orders referring the dispute to mediation *sua sponte.* While the question of whether a court may *sua sponte* refer a matter to mediation is not before us, when seeking excusal from mediation for physical or psychological abuse, a party need not file a declaration of abuse prior to the entry of a mediation order. Regarding the second situation, we find no basis in the statute to uphold such a five-day rule

---

**6.** Pearson never substantively controverted the abuse. For example, Pearson responded to Sanders' motion to reconsider orders for mediation by arguing that it should be viewed as a motion for a new trial or that the motion failed to include sufficient authority.

where a party claims physical or psychological abuse.

Respondent argues that the trial court was not obligated to review Sanders' motion to reconsider mediation orders because it was filed more than five days after the entry of the mediation order.[7] However, section 13–22–311(1) covers two distinct circumstances. First, section 13–22–311(1) contains a mandatory command that a court "shall not refer" a case to mediation services where a party claims physical or psychological abuse. This requirement contains no time limitations. Therefore, so long as a court receives notice of such a claim, a party that alleges abuse shall not be referred to mediation.

Second, in cases where a party does not claim abuse, section 13–22–311(1) provides a distinct procedure for excusal from mediation. Section 13–22–311(1) provides that "[i]n addition, the court may exempt from referral any case in which a party files with the court, within five days of a referral order, a motion objecting to mediation and demonstrating compelling reasons why mediation should not be ordered." The use of the phrase "in addition" and the word "may" show the General Assembly's intent to establish a separate and alternative method for excusal from mediation that applies only in situations where the mandatory excusal for abuse is not triggered. The discretionary "compelling reasons" excusal, subject to the five-day rule, exists independently of the mandatory excusal for physical or psychological abuse.

## V

For the foregoing reasons, we make the rule to show cause absolute. Accordingly, we direct the trial court to vacate its orders for mediation dated October 10, 1995, and October 23, 1995.

---

7. On October 10, 1995, the trial court entered its first mediation order. The second mediation order was issued on October 23, 1995. The fifth day after the October 23rd order fell on a Saturday. Sanders filed her motion to reconsider orders for mediation on the next business day, Monday, October 30, 1995. The request for review of the second order fell within the five-day time period, so even accepting respondent's argument, the motion to reconsider was only untimely in relation to the first mediation order. See § 2–4–208, 1B C.R.S. (1980).