The Supreme Court of the State of Colorado 
2 East 14th Avenue • Denver, Colorado 80203

2015 CO 62

Supreme Court Case No. 13SC712 
Certiorari to the Colorado Court of Appeals 
Court of Appeals Case No. 10CA1530

Petitioner: 
Anthony James Chavez,
v.
Respondent: 
The People of the State of Colorado.

Judgment Affirmed 
en banc
November 2, 2015

Attorneys for Petitioner:
Ellen K. Eggleston
Denver, Colorado
Gerash Steiner, P.C.
Daniel P. Gerash
Denver, Colorado
Attorneys for Respondent:
Cynthia H. Coffman, Attorney General
Katharine Gillespie, Assistant Attorney General
Denver, Colorado
Attorneys for Amicus Curiae Colorado Criminal Defense Bar: 
The Noble Law Firm, LLC
Antony M. Noble
Lakewood, Colorado
Davis Graham & Stubbs LLP
Michael J. Gallagher
Chad D. Williams
Mark E. Champoux
Kyle W. Brenton
Denver, Colorado
JUSTICE HOOD delivered the Opinion of the Court.
 
¶1         Petitioner Anthony James Chavez was convicted of a sex offense, and the trial court imposed an indeterminate, fifteen-year-to-life sentence. Chavez challenges the legality of this sentence, alleging that the trial court did not understand the range of its sentencing options. He argues the prosecution was wrong in representing to the trial court that he had to serve at least eight years in prison. In fact, Chavez argues, he was eligible for probation. He asks that we reverse the judgment of the court of appeals upholding his sentence, see People v. Chavez, No. 10CA1530 (Colo. App. July 11, 2013), and remand his case for resentencing. Because we conclude that Chavez received a legal sentence, we must decline his request.
¶2         Consistent with our recent decision in People v. Hunsaker, 2015 CO 46, 351 P.3d 388, we hold that where a defendant is convicted of a sex offense that is also a crime of violence he must be sentenced to an indeterminate sentence of incarceration with a minimum term in the enhanced, crime-of-violence range. Thus, the trial court was required to sentence Chavez to a minimum term of between eight and twenty-four years and a maximum term of his life. Chavez’s sentence satisfies those requirements. We therefore affirm the judgment of the court of appeals.
I. Facts and Procedural History
¶3         After accepting a jury’s verdict that Anthony Chavez sexually assaulted a child while in a position of trust as part of a pattern of abuse, the trial court held a sentencing hearing. The People argued the court was required to impose an indeterminate sentence with a minimum term of between eight and twenty-four years in prison but offered no specific recommendation within that range. Chavez’s counsel seemed to agree that an indeterminate sentence was required and at times also seemed to accept the minimum term window defined by the prosecution. At other times, Chavez’s counsel claimed that the minimum sentence might be as low as four years. He asked the court to consider that sentence to the extent it was available. The trial court announced that the minimum sentence was inappropriate in this case, but the record does not reveal what the trial court understood the boundaries of its sentencing discretion to be. The court sentenced Chavez to an indeterminate sentence of fifteen years to life.
¶4         Chavez appealed, alleging he was subject to an indeterminate sentence but arguing the minimum term was four years, not eight. The heightened, eight-year range applies to crimes of violence, but he argued his offense did not qualify for that enhancement. Moreover, Chavez argued his ineligibility for the crime-of-violence enhancement preserved his eligibility for probation, something the trial court never considered. Chavez argued he should be resentenced so the trial court could impose a legally appropriate sentence with a full understanding of its options.
¶5         A division of the court of appeals affirmed his sentence. It disagreed with Chavez regarding what counts as a crime of violence and concluded that Chavez’s offense qualified. Chavez was thus ineligible for probation and subject to a sentence of at least eight years. The court determined that, even if the trial court mistakenly believed it had the power to impose a lesser sentence, such an error only could have benefited Chavez. Reversal was therefore unwarranted.
¶6         We granted Chavez’s petition for certiorari.[1]
II. Standard of Review
¶7         The scope of a sentencing law presents an issue of statutory interpretation. We review such questions of law de novo. See People v. Simon, 266 P.3d 1099, 1106 (Colo. 2011); see also Vensor v. People, 151 P.3d 1274, 1275 (Colo. 2007) (“The goal of any interpretation of a sentencing statute must be to discover and effect the legislative intent.”).
III. Analysis
¶8         We begin with a general discussion of Colorado sentencing law, paying particular attention to the statutory provisions governing sex offenses and crimes of violence. We then apply these provisions and conclude they converge here to require an enhanced, indeterminate sentence of incarceration. 
A. Colorado Sentencing Law
¶9         Colorado divides felonies into six classes, with class one being more serious than class two, and so on. See § 18-1.3-401(1)(a)(V)(A), C.R.S. (2015). Each class has a presumptive sentencing range. For example, the presumptive range for a class three felony runs from four to twelve years. Id. If a court sentences a defendant to prison, it typically does so by selecting a definite number of years within the presumptive range. In extraordinary cases, courts have leeway to depart upward to twice the presumptive maximum or downward to half the presumptive minimum. See § 18-1.3-401(6).
1. Sex Offenses
¶10         Those convicted of a sex offense, who committed their crimes after November 1, 1998, are subject to the Colorado Sex Offender Lifetime Supervision Act (“LSA”). See  §§ 18-1.3-1001 to -1012. The LSA authorizes lifetime treatment and supervision of felony sex offenders. See § 18-1.3-1001. Courts must sentence violent sex offenders to the custody of the Department of Corrections for an indeterminate term, see § 18-1.3-1004(1), but some non-violent sex offenders are eligible for probation, see §§ 18-1.3-1004(2), -1007. See generally Vensor, 151 P.3d at 1276–77 (discussing the LSA’s effects on the prior sentencing system).
¶11         An indeterminate sentence has a minimum term and a maximum term. The minimum term is a specific number of years selected by the sentencing court from an applicable range. § 18-1.3-1004. The maximum term is the offender’s natural life. Id.  Thus, a court imposing an indeterminate sentence will arrive at a sentence of some minimum number of years to life. After the minimum term is served, release depends not on the passage of time but on the offender’s rehabilitation and whether he constitutes a continuing threat to society. See §§ 18-1.3-1006, -1009 (establishing procedures and criteria for release).
2. Crimes of Violence
¶12         Crimes of violence form another category of offenses. There is a statutory definition of “crime of violence” that involves specified offenses with aggravating facts. See § 18-1.3-406(2). These crimes are “defined” crimes of violence. Other crimes are treated as crimes of violence even though they do not meet the statutory definition. These “per se” crimes of violence have been designated by the legislature in certain statutes defining offenses. See Terry v. People, 977 P.2d 145, 149 (Colo. 1999) (Terry II) (citing People v. Terry, 791 P.2d 374 (Colo. 1990) (Terry I)) (identifying per se crimes of violence as those where the legislature requires a court to sentence a defendant “in accordance with” the crime of violence statute); see also Hunsaker, ¶¶ 14, 18 n.2 (citing People v. Banks, 9 P.3d 1125, 1130 (Colo. 2000)).
¶13         Crimes of violence receive enhanced sentences according to a scheme found in section 18-1.3-406(1). Section 406(1)(a) requires sentencing courts to use a heightened range that begins at the midpoint of the presumptive range and ends at twice the presumptive range’s maximum. This section—406(1)(a)—deals with crimes of violence generally, while section 406(1)(b) concerns sex offenses that also “constitute” crimes of violence. § 18-1.3-406(1)(b). Section 406(1)(b) provides in relevant part:
[A]ny person convicted of a sex offense, as defined in section 18-1.3-1003(5), committed on or after November 1, 1998, that constitutes a crime of violence shall be sentenced to the department of corrections for an indeterminate term of incarceration of at least the midpoint in the presumptive range specified in section 18-1.3-401(1)(a)(V)(A) up to a maximum of the person’s natural life, as provided in section 18-1.3-1004(1).
Id.Both defined crimes of violence and per se crimes of violence “constitute” crimes of violence under section 406(1)(b). Hunsaker, ¶¶ 14, 18–19.
¶14         The lowest possible minimum term for the enhanced range is the midpoint of the presumptive range. § 18-1.3-406(1)(b). The statute is ambiguous as to what marks the high end for a minimum term, but this is the precise question we answered in Hunsaker (which was decided after the parties submitted their briefs in this case but before we heard oral arguments). In Hunsaker, we read section 406(1)(b) alongside section 406(1)(a) and the relevant legislative history, and we concluded that the enhanced range for the minimum term tops out at double the presumptive range’s upper limit. See Hunsaker, ¶¶ 14, 22–27 (“[I]n enacting the LSA, the General Assembly did not intend to change mandatory sentencing for violent sex offenses.”).
¶15         Thus, a court sentencing a defendant for a sex offense that is also a per se crime of violence still imposes an indeterminate sentence with a maximum term of the offender’s natural life, but the crime-of-violence enhancement boosts the minimum term.
B. Application
¶16         Chavez’s sentence is the product of several interlocking statutory provisions. Chavez violated sections 18-3-405.3(1) and (2)(b). This crime is a class three felony. See § 18-3-405.3(2)(b). It is also a sex offense. See § 18-1.3-1003(5)(a)(V). And it is a crime of violence. The statute criminalizing Chavez’s conduct requires that he be sentenced “in accordance with” the crime-of-violence scheme. § 18-3-405.3(4). The express reference in the statute of conviction to the crime-of-violence enhancement makes this offense a per se crime of violence. See Hunsaker, ¶ 18 (recognizing sexual assault on a child as part of a pattern of abuse as a per se crime of violence for the same reason).
¶17         Chavez disputes that he is subject to the crime-of-violence enhancement. He argues section 1004(1)(b) of the LSA does not apply to him. That provision requires courts to impose the crime-of-violence enhancement on defendants whose sex offenses are “defined as” crimes of violence. See § 18-1.3-1004(1)(b); see also Banks, 9 P.3d 1130– 31 (because the extraordinary risk sentencing provision referred to a “crime of violence, as defined in [former] section 16-11-309,” the extraordinary risk provision did not apply to a per se crime of violence that did not satisfy the definition found in the crime of violence statute). We agree with Chavez that his offense is not “defined as” a crime of violence under section 406(2).
¶18         We cannot, however, accept Chavez’s contention that this means he is ineligible for crime-of-violence sentencing. Section 1004(1)(b) authorizes enhanced sentencing for defined crimes of violence, but the legislature mandates crime-of-violence sentencing for sex offenders through section 1004(1)(b) and by designating some sex offenses per se crimes of violence. See Hunsaker, ¶¶ 14, 18, 27. The court of appeals recognized exactly this point: “Defendant’s sentence . . . was not enhanced under section 18-1.3-1004(1)(b). Instead, the statute defining his offense, section 18-3-405.3(4), mandated that the trial court apply the sentence-enhancing provisions of the crime of violence statute . . . .” Chavez, slip op. at 17.
¶19         Chavez argues he is eligible for probation because he is subject to the LSA and the LSA allows for probation. See § 18-1.3-1004(2). Without question, Chavez is subject to the LSA because he stands convicted of a sex offense committed after November 1, 1998.     See §§ 18-1.3-1003(4), -1003(5)(a)(V), -1012.  Chavez, however, is not probation-eligible because he is also subject to the mandatory crime-of-violence enhancement. This forecloses probation. Put differently, the LSA requires that Chavez serve an indeterminate sentence. § 18-1.3-1004(1). The crime-of-violence enhancement requires that he serve it in prison, and the LSA did not alter that. § 18-1.3-406(1)(b); Hunsaker, ¶¶ 14, 22–27.
¶20         Because Chavez committed a crime of violence and a sex offense, he is subject to section 406(1)(b), not the general, non-sex-offense section of 406(1)(a). Section 406(1)(b) says defendants convicted of violent sexual offenses “shall be sentenced to the department of corrections for an indeterminate term of incarceration . . . .” § 18-1.3-406(1)(b) (emphasis added). Chavez cannot be eligible for probation because “incarceration” means “‘imprisonment, confinement in a jail or penitentiary,’” People v.  Winters, 765 P.2d 1010, 1012 (Colo. 1988) (quoting Black’s Law Dictionary 685 (5th ed. 1979)), and “‘shall’ indicates that [a] term is mandatory,” Pearson v. Dist. Court, 924 P.2d 512, 516 (Colo. 1996) (citing People v. Dist. Court, 713 P.2d 918, 921 (Colo. 1986)).
¶21         Our conclusion that the crime-of-violence enhancement makes Chavez ineligible for probation is unaffected by a reference in the enhancement statute back to the LSA. The crime-of-violence provision requires an enhanced, indeterminate term of incarceration “up to a maximum of the person’s natural life, as provided in section 18-1.3-1004(1).” § 18-1.3-406(1)(b) (emphasis added). It is possible to read this language as directing a court applying section 406(1)(b)’s enhanced penalty to turn first to LSA sections 1004(1) and, by reference, 1004(2)(a) to determine if the defendant remains probation eligible. Basically, under this interpretation, a court would only ask if the offense is a defined crime of violence because both sections 1004(1)(b) and 1004(2)(a) allow for crime-of-violence sentencing but only for defined crimes of violence. See § 18-1.3-1004(1)(b), (2)(a). By restricting crime-of-violence sentencing for sex offenses to defined crimes of violence, this construction would drain section 18-3-405.3(4) of all meaning and nullify the per se crime-of-violence provisions attached to other substantive sex offenses. We strive to avoid interpretations that would render statutory language meaningless. Terry I, 791 P.2d at 376. Moreover, such an interpretation would contravene the General Assembly’s intent to preserve the mandatory sentencing scheme for per se crimes of violence predating the LSA. See Hunsaker, ¶¶ 18, 27.
¶22         The reference in the crime-of-violence statute to section 18-1.3-1004(1) makes plain that the source of the indeterminate sentence remains the LSA—and specifically section 1004(1)(a) in Chavez’s case. Section 406(1)(b) merely increases the minimum term on this indeterminate sentence. § 18-1.3-406(1)(b); see Hunsaker, ¶ 27.
¶23         The trial court imposed a minimum term within the enhanced range. Chavez committed a class three felony, which has a presumptive range of four to twelve years. See § 18-1.3-401(1)(a)(V)(A). The crime-of-violence enhancement required the trial court to select a minimum term no lower than the midpoint of that range. § 18-1.3-406(1)(b). Therefore, Chavez’s minimum term had to be at least eight years, the midpoint of four and twelve. The enhancement allowed the trial court to set Chavez’s minimum term as high as twice the maximum of the presumptive range, or twenty-four years. Id.; see Hunsaker, ¶ 14. Bound by a range of eight to twenty-four years, the trial court set Chavez’s minimum term at fifteen years. This is a legal sentence.
IV. Conclusion
¶24         We hold that where a defendant is convicted of a sex offense that is also a crime of violence he must be sentenced to an indeterminate sentence of incarceration with a minimum term in the enhanced, crime-of-violence range. Chavez received a legal sentence, and we therefore affirm the judgment of the court of appeals.

[1] We granted the petition as to the following issues:
1. Whether, under circumstances in which Petitioner was statutorily-eligible for probation for an indeterminate life term under specific provisions of the Colorado Sex Offender [L]ifetime Supervision Act of 1998, the court of appeals misconstrued that Act, and the General Assembly’s simultaneous amendments to § 18-1.3-406, to hold that conviction of sexual assault on a child by one in a position of trust as part of a pattern required the district court to sentence Mr. Chavez to the Department of Corrections (DOC) for an indeterminate life [sentence] when the crime does not meet the definition of crime of violence, as defined by § 18-1.3-406.
2. Whether the court of appeals erroneously concluded the sentencing court did not abuse its discretion when imposing an indeterminate fifteen-year-to-life prison sentence under circumstances in which the state did not charge and/or prove crime of violence, as defined in § 18-1.3-406, and the district court mistakenly believed that Petitioner was convicted of a crime of violence requiring a mandatory indeterminate prison term of at least eight years to life.