The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Stephen HRAPSKI, Defendant-Appellee.

No. 84SA114.

Supreme Court of Colorado, En Banc.

May 19, 1986.

Rehearing Denied June 9, 1986.

Dennis E. Faulk, Dist. Atty., Steven B. Rich, Deputy Dist. Atty., Canon City, for plaintiff-appellant.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellee.

VOLLACK, Justice.

The People appeal from the trial court's dismissal of two counts of an information charging the defendant, Stephen C. Hrapski, with four counts of being an habitual criminal, section 16–13–101, 8 C.R.S. (1985 Supp.),[1] and attempted possession of contraband, section 18–8–204.1, 8 C.R.S. (1985 Supp.). The People also maintain the trial court abused its discretion in denying a motion to continue, and erred in denying motions for recusal and mistrial. We disapprove of the trial court's ruling dismissing two of the habitual criminal counts, and the denial of the motion to continue. Because of the state constitutional guarantee against double jeopardy, the defendant may not be retried on the habitual criminal charges.[2]

1. Section 16–13–101(2), 8 C.R.S. (1985 Supp.), provides in pertinent part:

Every person convicted in this state of any felony, who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony or, under the laws of any other state, the United States, or any territory subject to the jurisdiction of the United States, of a crime which, if committed in this state, would be a felony, shall be adjudged an habitual criminal and shall be punished by imprisonment in a correctional facility for the term of his or her natural life.

The defendant was convicted on April 20, 1979, of possession of contraband, on May 26, 1982, of assault in the second degree, on June 29, 1981, of attempted escape, and on March 17, 1975, of sale of narcotic drugs, all of which are felonies. The two prior convictions which the trial court held resulted from pleas which were not knowing or voluntary were the plea entered in Jefferson County District Court on June 29, 1981, and the plea entered in the Denver District Court on March 17, 1975. In finding that these convictions were constitutionally infirm, the trial court concluded that the prosecution would be unable to meet the requirement of the statute which requires three previous convictions to support an adjudication as an habitual criminal.

2. Defendant was tried and convicted of the offense of attempted possession of contraband. Two of the habitual criminal counts were dismissed by the trial court. Because the habitual criminal statute does not define a substantive offense but relates to sentencing enhancement for the underlying felony, *People v. Watkins,* 684 P.2d 234 (Colo.1984), and the same jury must hear both the substantive offense and determine whether the defendant has been previously convicted as alleged, section 16–13–103(4), 8 C.R.S. (1985 Supp.), enhanced punishment cannot be imposed in this case. Thus, the issue of whether the trial court erred in dismissing the two habitual criminal counts is solely a question of law subject to review pursuant to section 16–12–102, 8 C.R.S. (1978).

## I.

Stephen C. Hrapski (defendant) was initially charged with one count of possession of contraband, and four counts of being a habitual criminal. The case was dismissed after the preliminary hearing, but following appeal, *People v. Hrapski*, 658 P.2d 1367 (Colo.1983), the dismissal was reversed and the case remanded for trial on the charge of attempted possession of contraband and the habitual criminal counts. Trial commenced but a mistrial was declared during testimony of the defendant. Trial again resumed and following the prosecution's case, the trial court, essentially on its own motion, dismissed two of the habitual criminal counts. The defendant was convicted by a jury of the charge of attempted possession of contraband.

During the defendant's motion for judgment of acquittal following the People's case-in-chief, the trial court raised the issue of the validity of two guilty pleas underlying the defendant's prior convictions. Having reviewed transcripts of pleas given in Jefferson County and Denver on his own initiative, the trial judge concluded the pleas were not made knowingly and voluntarily, and therefore were constitutionally invalid. The People moved to continue the hearing on the validity of the prior convictions on the grounds that no notice was given of the attack on the convictions and time was needed to prepare to contest the issue. The motion to continue was denied. The People's subsequent motion for recusal of the trial court judge on grounds of partiality was also denied. Finally, a motion for mistrial was denied.

The People brought this appeal challenging the denial of its motions to continue, for recusal, and for mistrial, challenging the ruling dismissing the habitual criminal counts, and protesting the trial judge taking an apparent advocacy role in the proceedings.

## II.

The People contend the trial court displayed the appearance of partiality towards the defense by raising the issue of the validity of the prior convictions and should have granted the motion for mistrial and motion for recusal.

The record reflects that following the initial appeal, the trial court inquired of the defense as to whether a motion challenging the habitual criminal counts would be filed. At a subsequent motion hearing, the trial court again asked defense counsel if a collateral attack on the habitual counts would be filed, to which counsel responded he would only put the prosecution to its burden of proof on the issue. Defense counsel never filed a written motion collaterally attacking the prior convictions.

■ At the hearing on the defense motion for judgment of acquittal, the trial court raised the issue of the validity of the prior convictions on its own volition.[3] Fol-

---

**3.** After denying the defendant's motion to dismiss, the court stated:

But Mr. Hrapski is charged also with habitual criminal counts and these are Counts II through V. There's a delicate question involved here and the Court has chosen to address it on its own volition and I know that Mr. Larson [the prosecutor] objects to that and should from his position for the record and for appeal reasons.... On at least two occasions, the Court has inquired of defense counsel as to whether or not a motion will be filed and the hearing held relative to the individual habitual counts, of them being taken in conformity with Mr. Hrapski's constitutional rights, whether he would be making any showing attacking those, and that's never happened. The motion has never been filed.... I realize there is a delicate balancing act here.

The Court is not supposed to be an advocate, this is an adversary proceeding.... The Court should not get involved in that. However, the Court determines, and does at this time, because of what I am aware of by reading the transcripts and what is contained, are probably or importantly whether it is not constitutionally obtained in some of the transcripts. I feel it is incumbent upon the Court to, and brought the matter to the attention of counsel, and to allow a motion even at this late date to be orally made and a presentation made attacking these habitual counts.... I realize fully that I am cutting Mr. Larson off to some extent, by not going ahead and allowing the matter to be opened at this late date. But I think because of the severity of the life sentence we're looking at, I think we have to balance it in favor of Mr. Hrapski at this time.... I don't want to be an advocate, but

lowing an oral motion by defense counsel to dismiss two of the habitual criminal counts, testimony was taken from the defendant. The trial court concluded that providency hearings on those two counts were deficient, which placed the burden of proof on the People to show by a preponderance of the evidence that each conviction was obtained in accordance with the defendant's constitutional rights. The trial court denied the People's motion for a continuance to produce witnesses to meet this burden. The trial court subsequently dismissed the habitual criminal counts and denied the People's motion for the judge to recuse himself and a motion for mistrial.

■ We disapprove of the trial court taking a role which gave the impression of partiality towards the defense. Normally a motion to have a judge disqualified is raised pursuant to section 16–6–201(1)(d), 8 C.R.S. (1978), or Crim.P. 21(b)(1)(IV). The test of the legal sufficiency of a motion to disqualify a judge under the statute or the rule is whether the motion and required affidavits state facts from which it may reasonably be inferred that the respondent judge has a bias or prejudice that will in all probability prevent him or her from dealing fairly with a party. *Smith v. District Court*, 629 P.2d 1055 (Colo.1981). The People did not move to disqualify the judge under the statute or rule, and as a result there is no evidentiary showing that the judge was biased or prejudiced. In the absence of such a showing, we are unable to conclude the trial judge was interested or prejudiced with respect to the case, the parties, or counsel.

■ While we do not conclude that the judge should have recused himself from this case, we note that courts must meticulously avoid any appearance of partiality, not merely to secure the confidence of the litigants immediately involved, but to retain public respect and secure willing and ready obedience to their judgments. *People v. District Court*, 192 Colo. 503, 560 P.2d 828 (1977). The role of the judiciary, if its integrity is to be maintained, is one of impartiality. *People v. Martinez*, 185 Colo. 187, 523 P.2d 120 (1974). Thus, we disapprove of the trial judge taking a role which placed his impartiality in question.

### III.

The People next contend the trial judge abused his discretion in denying the motion to continue. The People argue they needed time, however brief, to prepare to defend the attack on the habitual criminal counts. We agree.

■ The granting or denial of a continuance is a matter resting in the sound discretion of the trial court, and will not be disturbed on appeal unless that discretion has been abused. *People v. Espinoza*, 195 Colo. 127, 575 P.2d 851 (1978). In light of the fact that the trial court raised the issue of the validity of the defendant's prior convictions, the People had no prior notice that they needed to produce evidence showing the prior guilty pleas were entered in accordance with the defendant's constitutional rights. Evidence from the judges who accepted the pleas or the defendant's attorneys in those cases may have tended to refute the trial court's finding that the guilty pleas were constitutionally invalid. There is neither an indication that the People intended to delay the proceedings un-

---

however, I think with a matter this important and which hasn't been addressed, I feel like it should be addressed and we're looking at a life sentence in this situation. If I'm stepping over the line, I think I have to, and it bothers me very much, but I'm going to do it.... Record on Appeal, Vol. VI, pp. 239–246.
At this point defense counsel orally made a motion to dismiss two counts of the habitual criminal charges. As grounds for the motion, defense counsel stated that Mr. Hrapski did not recall exactly what went on during the providency hearings, and he was not advised at the time of entering the guilty pleas that they could be used as the basis for habitual criminal counts at a later time. The court then conducted a hearing as to whether or not the pleas were knowingly and voluntarily made and concluded that the two counts should be dismissed. The People's motion to continue the hearing was denied.

necessarily nor is there any indication that the defendant would have been prejudiced by a brief delay.

■ Given the facts involved, justice required that the court continue the hearing to allow the People to gather evidence to show by a preponderance of the evidence that the prior guilty pleas were constitutionally obtained. Failure to grant the continuance to allow time for adequate preparation was an abuse of discretion, and we conclude the trial court erred in denying the motion. Because the defendant may not be tried again on these charges, we are limited to disapproving the trial court's ruling.

## IV.

We next decide whether the record in this case supports the trial court's conclusion that the defendant's two guilty pleas were not made in accordance with Crim.P. 11(b). Following a review of the transcripts of the providency hearings, we conclude the defendant's guilty pleas in the relevant cases were knowingly and voluntarily given, and therefore disapprove of the trial court's dismissal of the habitual criminal charges.

Defendant was charged with four counts of being a habitual criminal. One conviction resulted from a jury trial and was not contested. Another conviction resulted from a guilty plea before the trial judge in this case, and it was not contested. The two prior convictions resulting from pleas of guilty which were found to have been obtained in violation of defendant's constitutional rights took place in two jurisdictions. The first was a guilty plea to the charge of attempted escape in Jefferson County District Court. The second was a guilty plea to the charge of sale of narcotic drugs in Denver District Court.

■ Initially we note that pleas of guilty must comply with the requirements set forth in Crim.P. 11(b).[4] A guilty plea

4. Crim.P. 11(b) provides:

The court shall not accept a plea of guilty or a plea of nolo contendere without first determining that the defendant has been advised of all the rights set forth in Rule 5(a)(2) and also determining:

(1) That the defendant understands the nature of the charge and the elements of the offense to which he is pleading and the effect of his plea;

(2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone;

(3) That he understands the right to trial by jury and that he waives his right to trial by jury on all issues;

(4) That he understands the possible penalty or penalties;

(5) That the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of the presentence report, if any;

(6) That there is a factual basis for the plea. If the plea is entered as a result of a plea agreement, the court shall explain to the defendant, and satisfy itself that the defendant understands, the basis for the plea agreement, and the defendant may then waive the establishment of a factual basis for the particular charge to which he pleads;

(7) That in class 1 felonies, or where the plea of guilty is to a lesser included offense, a written consent shall have been filed with the court by the district attorney.

Crim.P. 5(a)(2) provides:

At the first appearance of the defendant in court, it is the duty of the judge to inform the accused of and make certain that he understands the following:

(I) He need make no statement and any statement can and may be used against him;

(II) He has a right to counsel;

(III) If he is an indigent person, he has the right to request the appointment of counsel or consult with the public defender before any further proceedings are held;

(IV) Any plea he makes must be voluntary on his part and not the result of undue influence or coercion on the part of anyone;

(V) He has the right to bail, if the offense is bailable, and the amount of bail that has been set by the court;

(VI) The nature of the charges against him;

(VII) He has the right to a jury trial;

(VIII) He has the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged was committed by the defendant.

must be given voluntarily and with an understanding of the consequences of such plea. *People v. Wade,* 708 P.2d 1366 (Colo. 1985). Upon challenging the validity of the prior conviction, the defendant's burden is to make a prima facie showing that the challenged conviction was unconstitutionally obtained. *Watkins v. People,* 655 P.2d 834 (Colo.1982); *People v. Quintana,* 634 P.2d 413 (Colo.1981); *People v. Mascarenas,* 632 P.2d 1028 (Colo.1981). A prima facie showing means evidence which, when considered in a light most favorable to the defendant and all reasonable inferences are drawn in his favor, will permit the court to conclude that the defendant pled guilty without voluntarily and understandingly waiving his rights set out in Crim.P. 11(b). *Quintana,* 634 P.2d at 416. When such a showing is made, the conviction is not admissible unless the prosecution establishes by a preponderance of the evidence that the conviction was obtained in accordance with the defendant's constitutional rights. *Id.*

■ In determining whether a guilty plea is made knowingly and voluntarily, no formal ritual need be followed by the trial court. *People v. Lesh,* 668 P.2d 1362 (Colo. 1982); *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973). What is required is that the reporter's transcript of the providency hearing discloses sufficient evidence to enable a reviewing court to determine whether the defendant's plea was entered voluntarily and knowingly. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Wade,* 708 P.2d 1366 (Colo.1985).

As to the Jefferson County guilty plea, the trial court after reviewing the transcript concluded the Jefferson County judge should have explained the meaning of attempt in more detail, did not advise the defendant of his right to a speedy and public trial, even though he was advised of his right to a jury trial, and did not go into enough detail as to the right of counsel.

The trial court concluded that the defendant's testimony when combined with the review of the transcript presented sufficient evidence to make a prima facie showing that the guilty plea was constitutionally invalid. We disagree.

As to the Denver guilty plea, the trial court concluded the Denver court failed to adequately advise the defendant as to the elements of the charge, failed to advise him of his rights to speedy trial, public trial, unanimous verdict, jury of twelve, right of confrontation, right to call witnesses, compulsory process, right against self-incrimination, and the prosecution's burden of proof. The trial court concluded a prima facie showing had been made that the guilty plea in that case was constitutionally infirm. Again, we disagree. The Denver trial court complied with the requirements of Crim.P. 11, which is all that is needed to show the plea was given knowingly and voluntarily.

■ A record of a providency hearing demonstrating compliance with Crim.P. 11 should be deemed supportive of the conclusion that the defendant did enter his guilty plea voluntarily or understandingly. *People v. Wade,* 708 P.2d 1366 (Colo.1985); *People v. Marsh,* 183 Colo. 258, 516 P.2d 431 (Colo.1973). We conclude the record in this case does not support the trial court's determination that the defendant's guilty pleas were constitutionally invalid. The record reflects compliance with the requirements of Crim.P. 11, and supports the conclusion that defendant voluntarily and knowingly entered his guilty pleas. While the trial judge may give a more detailed advisement than is required by Crim.P. 11 in his own court, the law does not mandate the meticulous attention to detail imposed by the trial court in this case. The previous pleas of guilty were constitutionally valid and the defense failed to establish a prima facie case that his guilty pleas were not made in compliance with due process requirements. The judges at the providency hearings complied with Crim.P. 11 and

the records of those hearings reflect that the defendant understood and voluntarily waived his rights. The trial court judge erred in dismissing the habitual criminal counts in this case.

Jeopardy attached with respect to habitual charges upon the impaneling and swearing of the jury for the initial phase of the defendant's trial on the substantive charge of attempted possession of contraband. Where a trial court dismisses habitual criminal charges after jeopardy has attached, Colorado constitutional doctrine prohibits the state from subjecting a defendant to a retrial of habitual counts when such retrial would require resolution of factual issues underlying the habitual charges, notwithstanding the trial court's erroneous interpretation or application of substantive law in terminating the habitual criminal proceedings in the defendant's favor. *People v. Quintana*, 634 P.2d 413, 420 (Colo.1981). The Double Jeopardy Clause of the Colorado Constitution prohibits retrial on the factual issues inherent in the habitual criminal charges.

Accordingly, we are limited to our disapproval of the dismissal of the habitual criminal charges. We further disapprove of the denial of the prosecution's motion to continue the hearing on the collateral attack on the underlying guilty pleas.

The rulings are disapproved.