**Timothy D. BREWSTER, Petitioner,**

v.

**The DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT and the Honorable Thomas A. Goldsmith, one of the judges thereof, Respondents.**

**No. 90SA506.**

Supreme Court of Colorado,
En Banc.

June 3, 1991.

David F. Vela, State Public Defender, Frances Smylie Brown, Chief Appellate Deputy, Denver, Stephens Dooley, Russell Ray, Deputy State Public Defenders, Montrose, for petitioner.

Brooks & Brooks, John A. Brooks, Montrose, for respondents.

Justice ERICKSON delivered the Opinion of the Court.

This is an original proceeding to obtain a writ of mandamus pursuant to C.A.R. 21. We issued a rule to show cause and now make that rule absolute. We decided *Dooley v. District Court,* 811 P.2d 809 (Colo. 1991), contemporaneously with the announcement of our decision in this case. *Dooley* is an interrelated case and reversed the respondent judge's finding that the two deputy state public defenders who represented the defendant, Timothy D. Brewster, were guilty of contempt of court.

The defendant was tried by a jury in the district court where Judge Thomas A. Gold-

smith presided. The jury convicted the defendant of second-degree assault, but was unable to agree on a second charge of first-degree assault. A mistrial was declared and the first-degree assault charge was set for retrial on December 18, 1990. Judge Goldsmith sentenced Brewster to an eight-year term on the second-degree assault conviction to be served consecutively with an eight-year sentence on an unrelated assault conviction in a Montrose court. After Judge Goldsmith instituted contempt proceedings against Dooley and Ray and imposed the consecutive eight-year sentence on Brewster, the district attorney filed a motion to dismiss the first-degree assault charge against Brewster that had been set for a new trial by the respondent judge. The district attorney asserted, as grounds for the motion, that Brewster had been sentenced to sixteen years in prison as a result of the second-degree assault conviction and an assault conviction in Montrose. The sentence imposed by Judge Goldsmith on Brewster involved the same person that was the victim of the first-degree assault charge and the district attorney stated that sixteen years was proper punishment for the crimes Brewster committed. The district attorney also reported that a juror stated that the reason for the deadlocked jury was the lack of physical evidence of the weapon used to assault the victim. Since the police could not locate the weapon, the weapon would not be available at the second trial, and the district attorney did not feel a second trial was necessary or proper. Accordingly, the district attorney requested that the first-degree assault case be dismissed in the interest of justice.

Judge Goldsmith denied the motion and entered the following order:

On December 6th, the Court received a motion from the prosecutor to dismiss Count I scheduled for trial on December 18th. She says that since the defendant is now going to serve 16 years in prison that he has received enough punishment. This however confuses liability and sentencing. It places the cart before the horse and reminds one of Lewis Carroll's *Alice's Adventures in Wonderland:*

"No! said the Queen, sentence first—verdict afterwards." The prosecutor also wishes to dispense with trial because she believes the previous jury was unable to reach a verdict because she was unable to produce the rifle that the defendant allegedly used in assaulting the victim. However, even if that is true and it has not yet been shown that it is, it is inappropriate to speculate how the December 18th jury will consider the evidence. For the foregoing reasons, the motion to dismiss is denied. This case therefore remains scheduled for trial in Ouray on December 18th.

█ Brewster then filed a motion to recuse Judge Goldsmith. Brewster relied on the court's finding that Dooley and Ray were guilty of contempt, the record of the contempt proceedings, and the respondent judge's written finding of contempt, which accused Dooley of past improprieties that Dooley deemed "a personal attack." The motion to recuse also included Judge Goldsmith's denial of the district attorney's motion to dismiss the first-degree assault charge. Two affidavits were filed to support Brewster's motion to disqualify Judge Goldsmith. Judge Goldsmith considered the motion and the affidavits, but refused to disqualify himself.

In our view, Crim. P. 21(b)(3) provides the basis for the resolution of this case:

(3) Upon the filing of a motion under this section (b), all other proceedings in the case shall be suspended until a ruling is made thereon. If the motion and supporting affidavits state facts showing grounds for disqualification, the judge shall immediately enter an order disqualifying himself or herself. Upon disqualifying himself or herself, the judge shall notify forthwith the chief judge of the district, who shall assign another judge in the district to hear the action. If no other judge in the district is available or qualified, the chief judge shall notify forthwith the state court administrator, who shall obtain from the Chief Justice the assignment of a replacement judge.

The motion and the affidavits were sufficient to cause recusal. Recusal is intended

to prevent a party from being forced to litigate before a judge with a bent of mind. *Johnson v. District Court,* 674 P.2d 952, 956 (Colo.1984). *See S.S. v. Wakefield,* 764 P.2d 70 (Colo.1988). *See also Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (right to a hearing before an impartial judge is so basic to a fair trial that denial can never be treated as harmless error).

 Generally, a ruling by a judge on a legal issue or a demonstration of prejudice against the lawyer for the defendant does not require recusal. A judge's bias or prejudice against defense counsel may require disqualification, however, when the judge's manifestation of hostility or ill will is apparent from the motion and affidavits and indicates the absence of the impartiality required for a fair trial. *See, e.g., Hayslip v. Douglas,* 400 So.2d 553 (Fla.App. 1981); *Payne v. Lee,* 222 Minn. 269, 24 N.W.2d 259 (1946); *State ex rel. Piper & Wedge, Ltd. v. Crookham,* 302 Or. 549, 731 P.2d 1027 (1987); *State ex rel. Oliver v. Crookham,* 302 Or. 533, 731 P.2d 1018 (1987).

In *Rodriguez v. District Court,* 719 P.2d 699, 703 (Colo.1986), we said that "a motion and accompanying affidavits requesting disqualification ... must state facts from which it may be reasonably inferred that the judge has a bias or prejudice with respect to the case, a party or *counsel.*" (Emphasis added.) Here, Judge Goldsmith cited a number of allegations against Dooley in his written finding of contempt, including Dooley's practices of "resisting the court's legitimate desire to manage its cases," sending the less experienced Ray to "fill-in when he wants to slow things down," filing legally insupportable briefs, and filing important motions on the eve of trial. None of those allegations are supported by the record. The allegations and the totality of the circumstances in this case were such as to require the recusal of Judge Goldsmith. In addition, the comments of the trial judge in denying the prosecution's motion to dismiss the remaining charge against Brewster reflected a usurpation of the prosecutor's discretion. Nothing in the record indicates that the prosecution's motion was "clearly contrary to manifest public interest." *People v. Lichtenstein,* 630 P.2d 70, 73 (Colo.1981). The denial of the recusal motion, under the circumstances, was arbitrary and capricious. The fact that Judge Goldsmith denied the motion shortly after finding Dooley and Ray in contempt is further evidence of bent of mind in this case.

In *S.S. v. Wakefield,* we said:

In passing on the sufficiency of a motion for disqualification, the judge must accept the factual statements in the motion and affidavits as true, even if he believes them to be false or erroneous. *Wright v. District Court,* 731 P.2d 661, 664 (Colo.1987). The judge, in other words, must confine his analysis to the four corners of the motion and supporting affidavits, and then determine as a matter of law whether they allege legally sufficient facts for disqualification.

764 P.2d at 73.

Here, the motion and affidavits meet the requisite requirements for disqualification set forth in Crim.P. 21. Accordingly, the rule to show cause is made absolute and the case is remanded with directions that further proceedings be conducted by a different judge.