**The PEOPLE of the State of Colorado, Petitioner,**

v.

**The DISTRICT COURT, ARAPAHOE COUNTY, Colorado, and One of Its Judges, the Honorable Michael J. Watanabe, Respondents.**

No. 93SA282.

Supreme Court of Colorado, En Banc.

Feb. 14, 1994.

Rehearing Denied March 7, 1994.

Robert R. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Richard Bloch, Deputy Dist. Atty., Englewood, for petitioner.

Donald R. Knight, Littleton, for respondents.

Justice LOHR delivered the Opinion of the Court.

In this original proceeding under C.A.R. 21, we issued a rule directing the respondent, Arapahoe County District Court,[1] to show cause why it did not exceed its jurisdiction and abuse its discretion when it ruled that two guilty pleas entered by defendant Byron T. Young on August 24, 1988, were constitutionally invalid and therefore granted the defendant's motion to dismiss habitual criminal charges predicated on judgments of conviction resulting from those pleas. Having reviewed the transcript of the hearing at which the pleas were accepted and having considered the arguments of counsel, we now make the rule absolute and direct the district court to reinstate the habitual criminal charges.

## I.

The defendant, Byron T. Young, was charged in Arapahoe County District Court with the crime of aggravated robbery[2] based on an incident that occurred on August 28, 1991, and with two habitual criminal counts.[3] The habitual criminal charges were predicated on judgments of conviction for the felonies of theft[4] and attempted theft[5] entered in Denver District Court (the providency court) resulting from pleas of guilty taken in a single providency hearing on August 24, 1988. The defendant moved to dismiss the habitual criminal charges on the basis that the guilty pleas upon which the prior convictions were based were unconstitutionally obtained.

In October 1993, a hearing was held on the motion to dismiss,[6] the Honorable Michael J. Watanabe presiding. Based upon the transcript of the August 24, 1988, providency hearing and defense counsel's arguments, the court ruled that the providency court had not afforded the defendant a constitutionally adequate advisement before accepting his guilty pleas, and that therefore the pleas had been obtained in violation of the defendant's con-

---

1. The respondents are formally designated as "The District Court, Arapahoe County, Colorado, and One of its Judges, the Honorable Michael J. Watanabe." For brevity, we refer to the respondents collectively as "Arapahoe County District Court" or "district court."

2. § 18–4–302, 8B C.R.S. (1986 & 1993 Supp.).

3. § 16–13–101, 8A C.R.S. (1986).

4. § 18–4–401, 8B C.R.S. (1986 & 1993 Supp.).

5. § 18–2–101, 8B C.R.S. (1986), the Colorado criminal attempt statute, and § 18–4–401, 8B C.R.S. ·(1986 & 1993 Supp.), the theft statute.

6. This case also presents the issue of whether the defendant's motion collaterally attacking the validity of the prior convictions upon which the habitual criminal charges are based is barred by the three year limitation prescribed by § 16–5–402(2), 8A C.R.S. (1986). In view of our determination that the guilty pleas upon which the habitual criminal charges are founded are valid, we find it unnecessary to discuss the limitations issue or the facts underlying it.

stitutional rights. The court found specifically:

> There was no advisement as to right to appeal given to Mr. Young. Mr. Young was not adequately advised as to the requisite mental intent required for these crimes that he pled guilty to, which are theft and attempted theft. Mr. Young was not advised by [the providency court] as relates to the attempted theft charge of what substantial step means.
>
> . . . .
>
> There was also no advisement as relates to any potential parole period in this particular case.

Accordingly, it dismissed both habitual criminal counts.

It is from this ruling that the People petitioned this court for relief under C.A.R. 21.

## II.

 We first address the propriety of an original proceeding as a procedural device for obtaining interlocutory review of an order dismissing habitual criminal charges. An original proceeding under C.A.R. 21 is an extraordinary remedy limited in purpose and availability. *Halaby, McCrea & Cross v. Hoffman,* 831 P.2d 902, 905 (Colo.1992); *White v. District Court,* 695 P.2d 1133, 1135 (Colo.1984). The remedy may be sought "where the district court is proceeding without or in excess of its jurisdiction," C.A.R. 21, and is also proper "where the trial court has abused its discretion and where an appellate remedy would not be adequate," *Halaby,* 831 P.2d at 905. The granting of the remedy is discretionary with this court. *White,* 695 P.2d at 1135; *Coquina Oil Corp. v. District Court,* 623 P.2d 40, 41 (Colo.1981).

 In the present case the Arapahoe County District Court has dismissed two habitual criminal charges against the defendant. If required to go to trial prior to appellate determination of the correctness of that ruling, the habitual criminal charges could not be further prosecuted. Accordingly, appellate review following a trial would not provide an adequate remedy. Under these circumstances we elect to exercise our discretion to address the correctness of the order of dismissal prior to trial. *See People ex rel. Faulk v. Dist. Ct.,* 673 P.2d 998 (Colo. 1983) (original proceeding available to the prosecution to seek an order directing the respondent court to reinstate habitual criminal counts dismissed on the basis of a purported constitutional infirmity in the habitual criminal statute prior to an upcoming trial); *People ex rel. VanMeveren v. Dist. Ct.,* 643 P.2d 37 (Colo.1982) (same, where dismissal was based on statutory construction issue).

## III.

### A.

 Due process of law requires that a plea of guilty be made knowingly and voluntarily. *Henderson v. Morgan,* 426 U.S. 637, 645, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108 (1976); *Blehm v. People,* 817 P.2d 988, 996 (Colo.1991); *Harshfield v. People,* 697 P.2d 391, 393 (Colo.1985). In *Lacy v. People,* 775 P.2d 1 (Colo.), *cert. denied,* 493 U.S. 944, 110 S.Ct. 350, 107 L.Ed.2d 337 (1989), we noted that a plea may be involuntary in the constitutional sense either because a defendant "does not understand the nature of the constitutional protections he is waiving," *id.* at 4, or " 'has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt,' " *id.* (quoting *Henderson v. Morgan,* 426 U.S. at 645, 96 S.Ct. at 2258). A defendant must also be cognizant of the direct consequences of a conviction in order to satisfy the due process concern that a plea be made knowingly and with full understanding of the consequences thereof. *People v. Pozo,* 746 P.2d 523, 526 (Colo.1987); *see also People v. Hrapski,* 718 P.2d 1050, 1055–56 (Colo.1986); *People v. Adrian,* 701 P.2d 45, 47–48 (Colo.1985). No formalistic litany is required before a court may accept a plea of guilty. Rather, the record as a whole must simply demonstrate that the court has made the defendant aware of his various rights and has explained the critical elements " 'in terms which are understandable to the defendant.' " *Lacy,* 775 P.2d at 5 (quoting *Watkins v. People,* 655 P.2d 834, 837 (Colo.1982)); *accord People v. Drake,* 785 P.2d 1257, 1268 (Colo.1990) (sufficiency of advisement depends on facts such

as complexity of charges, personal characteristics of defendant, and whether defendant is represented by counsel). We have stated that compliance with the advisement prescribed by Crim.P. 11 normally will satisfy constitutional due process concerns. *Waits v. People*, 724 P.2d 1329, 1332 (Colo.1986); *People v. Wade*, 708 P.2d 1366, 1369–70 (Colo.1985); *People v. Roybal*, 617 P.2d 800, 802 (Colo.1980).

### B.

At the outset of the providency hearing, the providency court asked the defendant a number of questions designed to determine that his pleas were knowingly and voluntarily given. The defendant informed the court that he had eleven years of education, that he had no difficulty in speaking or understanding the English language, and that he was not under the influence of drugs or alcohol at the time he was making these statements. He also stated that he was entering the pleas freely and voluntarily.

The court explained the defendant's rights as required by Crim.P. 11 and informed him of the allegations against him, including the nature of the charges and the elements of the offenses. We first address the issue of whether the defendant was adequately advised as to the mental state required for theft and attempted theft, the crimes to which he pled guilty. The court read the theft charge to the defendant and then further explained:

> "Theft" means that you took these things from [the victim] without her permission with the intent to deprive her permanently of those things.
>
> It's alleged that you did this knowingly; that is, you knew what you were doing was going to result in the crime, it wasn't the result of accident or other innocent reason. And further, beyond those, you intended to commit this crime.

The court then read or paraphrased the attempted theft charge and elaborated:

**7.** § 18–4–401 provides in relevant part:

A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

"[T]heft" means the same thing as "theft" in the other count. And what you're pleading guilty to is, you attempted to do this; that is, you took a substantial step toward the commission of the crime.

We conclude that the requisite mental state for each crime was adequately explained. The *mens rea* necessary for the crime of theft is "knowing" action with "intent" to deprive. *See* § 18–4–401, 8B C.R.S. (1986).[7] In the advisement concerning the theft charge, the court explained the required *mens rea* to the defendant by stating that "you knew that what you were doing was going to result in the crime, it wasn't the result of accident or other innocent reason. And further, beyond those, you intended to commit this crime." The court incorporated this explanation by reference in explaining the charge of attempted theft.

The degree of explanation of a charge that a court should provide depends upon the nature and complexity of the crime. *Lacy* 775 P.2d at 6; *Ramirez v. People*, 682 P.2d 1181, 1184 (Colo.1984). By reading the charges, which were couched in language easily understandable to a person of ordinary intelligence, by briefly explaining the *mens rea* necessary, and by inquiring into the defendant's understanding of the charges, the trial judge adequately advised the defendant and provided a fully sufficient basis for the court's determination that the pleas were freely, voluntarily, and intelligently given. *See Waits v. People*, 724 P.2d 1329 (Colo. 1986) (For a crime of the complexity of second degree burglary involving the intent to commit theft, the advisement need merely note that specific intent to commit the crime is required and that the offense must be committed knowingly, even though the terms "intent," "specific intent" and "theft" are not defined.)

The Arapahoe County District Court held that the advisement was also inadequate because the defendant "was not advised by [the

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value. . . .

providency court] as relates to the attempted theft charge of what substantial step means."[8] We have previously held that defining attempt as "conduct constituting a substantial step towards the commission of the crime" is sufficient for the purpose of providing a defendant with the necessary understanding of the crime charged. *Ramirez*, 682 P.2d at 1185 (attempted possession of narcotic drugs); *see also People v. Cisneros*, 824 P.2d 16, 18 (Colo.App.1991), *rev'd on other grounds People v. Cisneros*, 855 P.2d 822 (Colo.1993) (attempt to commit second degree burglary). Thus, the providency court's advisement in this regard was constitutionally adequate.

 Next, we address the Arapahoe County District Court's holding that the advisement was inadequate because the defendant was not informed of "any potential parole period." This ruling was also in error. The defendant was advised, as required by Crim.P. 11(b)(4), of the possible penalties that he faced if he pled guilty. The providency court recited the possible periods of incarceration in both the presumptive and extraordinary ranges. The court informed the defendant of the possibility of consecutive sentencing and the mandatory sentencing requirements that would apply if at the time the offense was committed, the defendant was "on probation, deferred judgment, parole, on bond, in custody, or on escape." Additionally, with respect to each charge, the court indicated that a "period of parole" was a further penalty. This information was sufficient to comply with the requirement in Crim.P. 11(b)(4) that the defendant understand the possible penalties that could result from his guilty pleas.

Finally, as to the district court's determination that the defendant should have been advised of his right to appeal, this information is simply not a mandatory element of a Crim.P. 11 advisement. Due process does not require that a court inform a defendant of every conceivable constitutional right that might be waived by a guilty plea. *People v. Alexander*, 797 P.2d 1250, 1256–57 (Colo.1990); *People v. Drake*, 785 P.2d 1257, 1272 (Colo.1990). We conclude that a defendant need not be advised of the right to appeal before a guilty plea may be said to be knowingly and voluntarily given.

We conclude that the advisement provided to the defendant was constitutionally adequate and that the providency court's ruling that the guilty pleas were "freely, voluntarily and intelligently made" are fully supported by the record. Accordingly, we make the rule absolute and direct the Arapahoe County District Court to reinstate the two habitual criminal counts and to conduct further proceedings consistent with this opinion.

---

**8.** The Colorado criminal attempt statute, § 18–2–101, provides in relevant part:

 A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense. Factual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be, nor is it a defense that the crime attempted was actually perpetrated by the accused.