The PEOPLE of the State of Colorado, Petitioner,

v.

The DISTRICT COURT, In and For EAGLE COUNTY, STATE OF COLORADO, The Honorable William L. Jones, Judge Therein, Respondent.

No. 95SA21.

Supreme Court of Colorado, En Banc.

June 26, 1995.

Peter F. Michaelson, Dist. Atty., Fifth Jud. Dist., Breckenridge, for petitioner.

William L. Jones, respondent, pro se.

Fahrenholtz & Riva, P.C., James E. Fahrenholtz, Grant W. Riva, Avon, for defendant Robert S. Mach.

Justice ERICKSON delivered the Opinion of the Court.

In this original proceeding pursuant to C.A.R. 21, the District Attorney for the Fifth Judicial District, petitioned to vacate an *ex parte* order entered by Judge William Jones, a district court judge for Eagle County (trial judge). The *ex parte* order prohibited the prosecution from calling a minor witness in a trial and directed that a videotape be used in lieu of her testimony. We issued a rule to show cause and now make the rule absolute. The Eagle County district court is ordered to conduct further proceedings consistent with this opinion.

I

During the night of May 29–30, 1994, the defendant, Robert Mach, admittedly shot and killed his wife. The homicide occurred in the bedroom of the couple's house in Vail, Colorado. The defendant asserts that the crime

is manslaughter and not murder because the homicide was committed in the heat of passion. *See* § 18–3–104(1)(c), 8B C.R.S. (1986).

At the time of the homicide the victim's twelve-year old daughter was in the house and had observed and heard the victim and the defendant arguing. The defendant was the only other person in the bedroom when the victim was shot. In the course of investigation, the sheriff made a videotape of his interview with the victim's daughter. During the interview, the minor witness was not under oath. The defendant was not present and did not have an opportunity to confront or cross examine the victim's daughter.

On January 10, 1995, the prosecution filed a proposed witness list, which endorsed the victim's daughter as a witness. On January 17, 1995, the defendant filed a motion to prohibit the personal testimony of the daughter. The motion sought to declare the daughter unavailable as a witness and requested that the trial judge admit the videotaped interview as evidence at trial in lieu of her testimony.

On January 19, 1995, the prosecution filed its response. However, due to administrative error, the response was not brought to the trial judge's attention.[1] On January 23, 1995, the trial judge granted the defense motion without conducting a hearing. The trial judge found the victim's daughter to be unavailable as a witness and ruled the videotaped interview to be admissible as evidence at trial. Pursuant to C.A.R. 21, the prosecution filed a petition for an order to show cause. On January 26, we issued a rule to show cause and ordered that the trial court proceedings be stayed.

## II

■■■ "An original proceeding under C.A.R. 21 is an appropriate remedy 'where the district court is proceeding without or in excess of its jurisdiction, ... where the trial court has abused its discretion and where an appellate remedy would not be adequate.' " *People v. District Court,* 869 P.2d 1281, 1285

(Colo.1994) (quoting *People v. District Court,* 868 P.2d 400, 403 (Colo.1994)). The decision whether to grant the remedy is within the discretionary authority of this court. *Id.* Here, the prosecution's ability to present its case has been impaired by an *ex parte* order striking an endorsed witness. *See People v. District Court,* 664 P.2d 247, 251 (Colo.1983). If the victim's daughter is precluded from testifying and the defendant is acquitted, "jeopardy will have attached and he cannot be retried...." *See id.; see also People v. District Court,* 869 P.2d 1281, 1285 (Colo. 1994). The exercise of original jurisdiction is appropriate when a trial judge, without notice, enters an *ex parte* order preventing a material witness endorsed by the prosecution from testifying.

## III

■■■ The record does not support or provide either a factual or legal basis for the trial judge's order. *See People v. Sutherland,* 886 P.2d 681, 688 (Colo.1994) ("In the absence of sufficient findings of fact ... by the district court ... our appellate review function is hindered."); *People v. Quintero,* 196 Colo. 434, 435, 586 P.2d 48, 49 (1978) ("From the confused record which has been filed with us, we are unable to determine any facts upon which we could base an informed opinion."); *Casias v. People,* 160 Colo. 152, 162, 415 P.2d 344, 349 ("It is fundamental that this court, or any court, does not settle legal questions on the naked factual assertions of counsel."), *cert. denied,* 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966). Several factual ambiguities show the inadequacy of the record. First, the defendant claims that the daughter's natural father, her guardian ad litem, and several mental health professionals stated that the daughter would suffer emotional harm or trauma by testifying in person. The record does not contain evidence of the father's claims and does not include the opinions of the mental health professionals. Second, in its individual response to the rule to show cause, the trial

---

1. The trial judge acknowledged that the prosecution's response had not been filed because of clerical backlog. When he discovered the error, the trial judge told the clerk to schedule a hearing. However, the hearing was never scheduled because of a clerk's illness, and the order was entered without giving notice to the prosecution.

judge claimed, among other things, that the daughter's testimony was unnecessary to establish the nature of the relationship between the defendant and the victim because of the existence of a marriage certificate. The document is not contained in the record. Third, the prosecution suggests that at one point during the evening in question the defendant entered a bedroom adjacent to where the daughter slept. However, this allegation is unsupported by the record. The record does not provide a foundation for the trial judge's order preventing the daughter's personal testimony as a witness and admitting the videotape. The state of the record prevents us from ruling on the underlying issues raised in this original proceeding. We vacate the trial court's order and remand for a hearing on the defendant's motion.

## IV

The prosecution also seeks recusal of the trial judge. No motion for disqualification of the trial judge was filed in the trial court, and the record before us does not permit us to resolve the issue. Crim.P. 21(b)(1) provides in pertinent part:

Within ten days after a case has been assigned to a court, a motion, verified and supported by affidavits of at least two credible persons not related to the defendant, may be filed with the court and served on the opposing party to have a substitution of the judge. Said motion may be filed after the ten-day period only if good cause is shown to the court why it was not filed within the original ten-day period. The motion shall be based on the following grounds:

. . . .

(IV) The judge is in any way interested or prejudiced with respect to the case, the parties, or counsel.

Crim.P. 21(b)(2) states that "[a]ny judge who knows of circumstances which disqualify him in a case shall, on his own motion, disqualify himself." Once a motion has been filed pursuant to section (b), "all other proceedings in the case shall be suspended until a ruling is made thereon. If the motion and supporting affidavits state facts showing grounds for disqualification, the judge shall immediately enter an order disqualifying himself or herself." Crim.P. 21(b)(3).

A party may seek recusal to prevent being compelled to litigate "before a judge with a bent of mind." *Brewster v. District Court*, 811 P.2d 812, 813–14 (Colo. 1991). Although a judge's ruling on a legal issue does not require recusal, "[a] judge's bias or prejudice ... may require disqualification, however, when the judge's manifestation of hostility or ill will is apparent from the motion and affidavits and indicates the absence of the impartiality required for a fair trial." *Id.* at 814. Under the rule, the test for the legal sufficiency of a motion to disqualify a judge "is whether the motion and required affidavits state facts from which it may reasonably be inferred that the respondent judge has a bias or prejudice that will in all probability prevent him or her from dealing fairly with a party." *People v. Hrapski*, 718 P.2d 1050, 1054 (Colo.1986).

The prosecution claims that *Brewster* allows us to determine the recusal issue. *Brewster* was an original proceeding pursuant to C.A.R. 21. *See Brewster*, 811 P.2d at 812. However, in *Brewster*, the defendant filed a motion to recuse the trial judge supported by two affidavits. *See id.* at 813. In the present case, no motion was filed before the original proceeding commenced, so we are unable to find that the trial judge should have recused himself. *See Hrapski*, 718 P.2d at 1054 ("The People did not move to disqualify the judge under the statute or rule, and as a result there is no evidentiary showing that the judge was biased or prejudiced."). However, as in *Hrapski*, "we note that courts must meticulously avoid any appearance of partiality, not merely to secure the confidence of the litigants immediately involved, but to retain public respect and secure willing and ready obedience to their judgements." *Id.*

## V

Accordingly, the rule to show cause is made absolute and the case is returned to

