The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 19, 2021

## 2021COA112

**No. 18CA1934, *People v. Jennings* — Judges — Code of Judicial
Conduct — Disqualification — Actual Bias**

In this case, the defendant pleaded guilty to a felony drug
offense.  She appeals the judgment of conviction on various
grounds, including that the trial court exhibited actual bias.  A
division of the court of appeals holds, as a matter of first
impression, that a guilty plea does not waive review of a claim that
the trial court was disqualified due to actual bias.  The division
concludes, however, that the record does not show the trial court
was actually biased.  Because the division also concludes that the
defendant's guilty plea precludes review of her other challenges, the
judgment is affirmed.

COLORADO COURT OF APPEALS                               **2021COA112**

Court of Appeals No. 18CA1934
Adams County District Court No. 16CR3637
Honorable Thomas R. Ensor, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Amber Leigh Jennings,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE NAVARRO
Brown and Vogt*, JJ., concur

Announced August 19, 2021

Philip J. Weiser, Attorney General, Daniel Rheiner, Assistant Attorney General Fellow, Denver, Colorado, for Plaintiff-Appellee

Laura E. H. Harvell, Alternate Defense Counsel, Grand Junction, Colorado, for Defendant-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2020.

¶ 1     Defendant, Amber Leigh Jennings, appeals the judgment of conviction entered on her guilty plea to possession of a controlled substance with intent to manufacture or distribute. Among other contentions, she argues that the trial court demonstrated actual bias in the proceedings prior to her guilty plea. A guilty plea, however, generally waives appellate review of issues that arose prior to the plea. So we must decide whether a claim that the trial court was actually biased is an exception to that general rule. We conclude that it is. Still, we are not persuaded that the record shows the court was actually biased. Because we also conclude that Jennings's guilty plea precludes review of her other challenges to her conviction, we affirm.

## I.    Background

¶ 2     Following a traffic stop and search of her vehicle, Jennings was charged with eleven counts related to possession of illicit drugs and firearms, as well as possession of a weapon by a previous offender.

¶ 3     After Jennings fired her first retained attorney, the trial court allowed him to withdraw and accepted Jennings's newly retained attorney as a substitute. Jennings later filed a pro se motion to

1

dismiss her second retained attorney. At first, the trial court took no action on the motion except to issue a written order explaining that Jennings could fire her second retained attorney at any time but the court would not appoint counsel or continue the trial date. The court reasoned that Jennings had "successfully avoided trials in these matters for nearly two years by discharging her previous court appointed attorney and failures to appear" and, thus, if Jennings discharged her second retained attorney, "she will either have to hire substitute counsel who can be prepared to try this case o[n] the date scheduled, or she will have to proceed as her own counsel."

¶ 4    At a hearing approximately three weeks after Jennings filed her motion to dismiss her second retained attorney, however, the trial court noted that it had mistakenly believed her first retained attorney had been appointed. The court allowed her second retained attorney to withdraw and appointed the public defender's office to represent Jennings. A public defender then entered his appearance.

¶ 5    A month later, Jennings asked for appointment of alternate defense counsel to replace the public defender due to a "conflict"

with him. In a written order, the court said it was "convinced that even if another attorney were to be appointed, the same issues would occur." The court denied Jennings's motion "[a]t this point" but noted that it would address the matter at an upcoming motions hearing. At that hearing, however, counsel for the parties revealed, in Jennings's presence, that they had reached a tentative disposition and requested a short continuance. The court thus vacated the hearing without addressing the motion for alternate defense counsel.

¶ 6    At an ensuing providency hearing, Jennings pleaded guilty to possession of methamphetamine with intent to manufacture or distribute. Before doing so, she confirmed that no one had forced her to plead guilty, and she expressed no concerns with her attorney. The court advised her that, by pleading guilty, she would waive various rights, including the right to appeal. She said she understood, and the court accepted her guilty plea.

## II.    Appellate Review Following a Guilty Plea

¶ 7    Jennings raises three claims: (1) the trial court's refusal to immediately appoint the public defender after Jennings moved to dismiss her second retained attorney "constituted a denial of

3

counsel of choice" because it forced her to keep her second retained attorney for nearly a month; (2) the court erred by denying her request for alternate defense counsel to replace the public defender without holding a hearing as per *People v. Bergerud*, 223 P.3d 686 (Colo. 2010); and (3) the court exhibited actual bias against her. We conclude that Jennings's guilty plea precludes review of the first two issues but not the third.

## A.  General Principles

¶ 8    A guilty plea is an admission of all the elements of a criminal charge. *Neuhaus v. People*, 2012 CO 65, ¶ 8.  A "guilty plea represents a break in the chain of events which has preceded it in the criminal process," after which a defendant may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Id.* (quoting *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973)). Therefore, a defendant must plead not guilty and go to trial to preserve appellate review of challenges to pretrial proceedings. *Id.*

¶ 9    But, while a guilty plea generally waives appellate review of issues that arose prior to the plea, "exceptions exist to this general rule." *People v. McMurtry*, 122 P.3d 237, 240 (Colo. 2005).  "One

such exception" is a challenge to the trial court's subject matter jurisdiction, which may be raised at any time. *Id.* Another exception applies where double jeopardy principles preclude the prosecution from haling the defendant into court on the charge. *See Patton v. People*, 35 P.3d 124, 128 (Colo. 2001).

¶ 10  The question becomes, then, whether Jennings's appellate challenges fall within an exception to the rule precluding review.

### B.  Application to Jennings's Case

#### 1.  Right to Counsel of Choice and to Appointment of Alternate Defense Counsel

¶ 11  We turn first to Jennings's contention that the trial court violated her constitutional right to counsel of choice by not immediately appointing the public defenders' office when she moved to dismiss her second retained attorney. This alleged error arose prior to Jennings's guilty plea, and she does not contend that it is jurisdictional. Instead, Jennings argues that this challenge was not waived by her guilty plea because, unlike the statutory speedy trial claim at issue in *McMurtry*, her challenge concerns an important constitutional right, the improper denial of which constitutes structural error. *See McMurtry*, 122 P.3d at 242 (concluding that a

guilty plea precludes review of an alleged deprivation of the statutory right to speedy trial, in part because this right may be waived).

¶ 12    Jennings is correct that the erroneous deprivation of the right to counsel of choice qualifies as structural error.  *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 150 (2006).  Even fundamental rights can be waived, however, regardless of whether the deprivation thereof would otherwise constitute structural error.  *Stackhouse v. People*, 2015 CO 48, ¶ 8.

¶ 13    "By pleading guilty, a defendant waives a number of important constitutional rights," including some that could lead to structural error if erroneously denied (e.g., the rights to trial by jury and a public trial).  *Patton,* 35 P.3d at 128; *cf. Sullivan v. Louisiana,* 508 U.S. 275, 281-82 (1993) (erroneous deprivation of the right to trial by jury constitutes structural error); *Stackhouse,* ¶ 7 (same as to right to public trial).  In other words, a guilty plea waives fundamental Sixth Amendment rights, among others, unless the claim relates directly to the adequacy of the guilty plea (i.e., whether it was knowing, voluntary, and intelligent).  *People v. Stovall,* 2012 COA 7M, ¶ 16.

6

¶ 14    As a result, a defendant's guilty plea precludes review of a claim that they were denied the right to counsel of choice when the claim does not relate directly to the adequacy of the plea. *See People v. Isham*, 923 P.2d 190, 194-95 (Colo. App. 1995) ("[T]he trial court's erroneous disqualification of counsel here does not require that defendant's guilty plea be vacated, absent evidence that the plea was involuntary or unintelligently made."); *see also United States v. Montemayor*, 815 F. App'x 406, 409 (11th Cir. 2020) (holding that the defendant's guilty plea waived his challenge to whether the district court properly disqualified his previous counsel). Jennings did not challenge the adequacy of her guilty plea in the trial court, nor does she do so on appeal. Thus, she waived her independent claim that the court denied her right to counsel of choice.

¶ 15    The same goes for Jennings's claim that the trial court should have appointed alternate defense counsel when an alleged conflict arose with the public defender, her third attorney. Jennings argues that, because alternate defense counsel was not appointed, she was forced to proceed with conflicted counsel. But a defendant's right to conflict-free counsel is a subset of the right to effective assistance of

counsel, *see People v. Curren*, 228 P.3d 253, 258 (Colo. App. 2009), and a guilty plea waives review of an ineffective assistance of counsel claim unless it relates directly to the adequacy of the plea itself, *see Stovall*, ¶¶ 16-17; *see also State v. Villegas*, 908 N.W.2d 198, 215 n.19 (Wis. Ct. App. 2018) (collecting cases supporting this proposition). To reiterate, Jennings does not contend that her guilty plea was invalid in that it was not knowingly, intelligently, and voluntarily made. Therefore, by pleading guilty, she waived her stand-alone claim that the court erred by not replacing her allegedly conflicted counsel. *See People v. Canales*, 408 N.E.2d 299, 302 (Ill. App. Ct. 1980); *State v. LaRue*, 619 N.W.2d 395, 397-98 (Iowa 2000).

¶ 16    Given all this, we will not resolve Jennings's claims about her counsel. *See People v. Butler*, 251 P.3d 519, 520 (Colo. App. 2010).

2.    Alleged Bias of the Tribunal

¶ 17    We reach a different conclusion as to Jennings's claim that the trial court was actually biased. Answering a novel question in Colorado, we conclude that her guilty plea did not waive her claim of actual bias.

¶ 18 Basic to our system of justice is the principle that a judge must be free of all taint of bias and partiality. *People v. Mentzer*, 2020 COA 91, ¶ 5. But there is a difference between a judge who has the appearance of impropriety and a judge who has actual bias. *See People in Interest of A.G.*, 262 P.3d 646, 650-51 (Colo. 2011).

¶ 19 Regarding the former, the Code of Judicial Conduct requires a judge to recuse "in any proceeding in which the judge's impartiality might reasonably be questioned." *Id.* at 650 (quoting C.J.C. 2.11(A)). Even though a judge who appears to be partial may, in fact, be able to act impartially, "the judge is disqualified nonetheless because a reasonable observer might have doubts about the judge's impartiality." *Id.* The purpose behind disqualifying a judge who has the appearance of partiality is to protect public confidence in the judiciary. *See id.*; *People v. Gallegos*, 251 P.3d 1056, 1063 (Colo. 2011). The litigants to a case, however, may waive disqualification based on the appearance of impropriety. *A.G.*, 262 P.3d at 650; C.J.C. 2.11(C).

¶ 20 Actual bias is different; it is bias "that in all probability will prevent [a judge] from dealing fairly with a party." *A.G.*, 262 P.3d at 650 (quoting *People v. Julien*, 47 P.3d 1194, 1197 (Colo. 2002))

9

(alteration in original).  A claim of actual bias focuses on the subjective motivations of the judge.  *Id.* at 651.  The Code of Judicial Conduct requires disqualification when a judge "has a personal bias or prejudice concerning a party or a party's lawyer . . . ."  C.J.C. 2.11(A)(1).  Additionally, under section 16-6-201(1)(d), C.R.S. 2020, and Crim. P. 21(b)(1)(IV), a judge shall be disqualified if the judge is "in any way interested or prejudiced with respect to the case, the parties, or counsel."  *Mentzer,* ¶ 6 (citations omitted).  Unlike disqualification based on the appearance of impropriety, the provisions requiring disqualification in cases of actual bias are intended to ensure that litigants receive a fair and impartial trial.  *A.G.,* 262 P.3d at 651.

¶ 21    "Consequently, there is no provision to waive disqualification when actual bias is the concern."  *Id.*; *see* C.J.C. 2.11(C) ("A judge subject to disqualification under this Rule, *other than for bias or prejudice under paragraph (A)(1),* . . . may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification.") (emphasis added).  Because disqualification based on actual bias cannot be waived, a claim of actual bias may be reviewed on appeal even where the

10

parties did not properly raise the issue in the trial court. *See, e.g., People v. Dobler*, 2015 COA 25, ¶ 7.

¶ 22 In light of the above principles, the question remains whether a valid guilty plea waives a claim of actual bias that arose prior to the plea. The parties do not cite, and we have not found, conclusive Colorado authority on this issue. As a result, we look to other jurisdictions for guidance. *See Julien*, 47 P.3d at 1198 (considering federal precedent applying judicial disqualification provisions similar to Colorado's).

¶ 23 The United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A federal judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." § 455(b)(1). As in Colorado, federal law distinguishes between the appearance of partiality and actual bias with respect to whether disqualification can be waived: "No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only

11

under subsection (a), waiver may be accepted . . . ." § 455(e).  That is, while this federal statute permits waiver of disqualification based on an appearance of impropriety, it does not permit waiver of disqualification based on actual bias.

¶ 24     Applying these provisions, the Tenth Circuit has held that a guilty plea waives an appearance of impropriety claim under section 455(a) but not a claim of bias under section 455(b).  *United States v. Gipson*, 835 F.2d 1323, 1324-25 (10th Cir. 1988).  The court reasoned that "[i]f a party can waive recusal, it would follow that denial of recusal is a pretrial defect which is sublimated within a guilty plea and thereafter unavailable as an issue for appeal."  *Id.* at 1325.  In contrast, the court concluded that the provision precluding waiver of recusal based on actual bias "creates what is tantamount to a 'jurisdictional limitation' on the authority of a judge to participate in a given case."  *Id.*

¶ 25     The Seventh Circuit has also recognized that "[a] charge of actual bias is not waived when a defendant pleads guilty."  *United States v. Troxell*, 887 F.2d 830, 833 (7th Cir. 1989); *cf. O'Connor v. State*, 789 N.E.2d 504, 510 (Ind. Ct. App. 2003) (declining to reach the defendant's constitutional claims because he pleaded guilty but

still addressing his claim that the trial court demonstrated bias against him). We have found no authority holding that a guilty plea waives a claim that a judge was disqualified due to actual bias or prejudice concerning a party.

¶ 26     Given the Colorado authorities providing that a claim of actual judicial bias cannot be waived, as well as the authorities from other jurisdictions applying similar provisions in the guilty plea context, we are convinced that a guilty plea does not waive review of an actual bias claim even if the claim arose prior to the plea. So, we turn to the merits of Jennings's claim.

### III.   Jennings's Actual Bias Claim

¶ 27     We examine the disqualification question de novo. *Julien*, 47 P.3d at 1197.

¶ 28     To reiterate, actual bias is bias that in all probability will prevent a judge from dealing fairly with a party. *A.G.*, 262 P.3d at 650. "[A] defendant asserting bias on the part of a trial judge must establish that the judge had a substantial bent of mind against him or her." *People v. Drake*, 748 P.2d 1237, 1249 (Colo. 1988). The record must establish such bias clearly; mere speculative statements and conclusions are not enough. *Id.*

13

¶ 29     Jennings first argues that the judge was biased against her because the judge repeatedly declined to reduce her $250,000 bond. But a judge's prior rulings, even if erroneous, do not alone indicate partiality. *See People v. Schupper*, 2014 COA 80M, ¶ 58 (recognizing that "rulings of a judge, although erroneous, numerous and continuous, are not sufficient in themselves to show bias or prejudice") (citation omitted); *People v. Schupper*, 124 P.3d 856, 859-60 (Colo. App. 2005) (explaining that the trial court's rulings, "whether rightly or wrongly decided," are not pertinent to recusal issues), *aff'd*, 157 P.3d 616 (Colo. 2007); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, the judge here did not act arbitrarily and without offering a reason. Instead, the judge denied the motions due to Jennings's prior failures to appear.

¶ 30     Jennings next contends that the judge exhibited bias warranting recusal when he expressed displeasure with her second retained attorney. When allowing that attorney to withdraw, the judge remarked,

> I'm not happy with the way you've handled this, [second retained attorney]. Because I've not heard from you in two months. Even though [Jennings has] written a letter, we've gotten nothing from you. And, quite frankly,

> when I saw you enter in this case I knew there were going to be issues because there are almost always issues with you.
>
> I'm sorry to say it but that's just the view from the Judge. And maybe that's something that you can take out of this Court and use, but I doubt that you will.

Generally, however, a judge's "demonstration of prejudice against the lawyer for the defendant does not require recusal." *Brewster v. Dist. Ct.*, 811 P.2d 812, 814 (Colo. 1991). That is, although conflict between the judge and counsel may sometimes warrant disqualification, it is necessary only where the judge's manifestation of hostility or ill will toward an attorney indicates the absence of impartiality required for a fair trial. *Id.*; *see Bocian v. Owners Ins. Co.*, 2020 COA 98, ¶ 24. For instance, in *Brewster* — a case on which Jennings relies — the trial judge held defense attorneys in contempt based on unsupported allegations and then capriciously denied the prosecution's motion to dismiss the charge against the defendant. *See* 811 P.2d at 814. The supreme court decided that those circumstances were so troubling as to warrant the judge's disqualification. *See id.*

¶ 31    The record here reflects nothing so egregious.  The judge criticized Jennings's second retained attorney in passing as he was leaving the case.  This brief reproach, while ungenerous, did not reflect such intense hostility as to require recusal.  *Cf. Drake*, 748 P.2d at 1249 (concluding that, while the record revealed the trial court's rude comments to defense counsel and irritation with defense witnesses, the record as a whole did not establish that bent of mind warranting a finding of bias against the defendant).  And Jennings points to nothing in the record supporting her claim that the judge transferred his displeasure with her second retained attorney to her.  *Cf. Parsons v. Allstate Ins. Co.,* 165 P.3d 809, 819 (Colo. App. 2006) ("[M]ere opinions or conclusions that the judge is biased are insufficient.").  While Jennings highlights the judge's frustration with her repeated attempts to change lawyers — an issue to which we will turn next — this frustration plainly related to Jennings's decisions, not her second retained attorney's.

¶ 32    Last, Jennings contends that the trial judge demonstrated actual bias against her when appointing the public defender's office after allowing her second retained attorney to withdraw.  The judge noted that Jennings faced "very serious charges" (including level 1

and 2 drug felonies), and the judge said, "She's a very difficult client. And so somebody needs to see her between now and Friday [her next scheduled court appearance]. This is not your ordinary client. . . . She's already fired two private counsel . . . ." Jennings maintains that the judge's comments were "inappropriate and unnecessary." Even if so, the comments fell short of requiring recusal. They were rooted in the events of the proceedings — Jennings had indeed fired two private attorneys over the course of six months and she faced serious charges.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Dobler*, ¶ 25 (quoting *Liteky*, 510 U.S. at 555); *see People in Interest of S.G.*, 91 P.3d 443, 448 (Colo. App. 2004). In our view, the judge's comments were relatively mild; they did not reflect a deep-seated antagonism toward Jennings that rendered the proceedings inexorably unfair. *See also Smith v. Dist. Ct.*, 629 P.2d 1055, 1057 (Colo. 1981) ("Prejudice must be distinguished from the sort of

17

personal opinions that as a matter of course arise during a judge's hearing of a cause.").

¶ 33    In sum, we do not perceive actual bias or prejudice on the trial judge's part.

## IV.    Conclusion

¶ 34    The judgment is affirmed.

JUDGE BROWN and JUDGE VOGT concur.